J-S25040-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KHAMAL FOOKS | : | |
| | : | No. 1815 WDA 2017 |

Appeal from the PCRA Order November 7, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0008254-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    FILED AUGUST 06, 2018

Khamal Fooks appeals from the order entered November 7, 2017, that dismissed, without a hearing, his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 et seq.  Fooks seeks relief from the judgment of sentence of 20 to 40 years' imprisonment, imposed after he entered a negotiated guilty plea to murder of the third degree, conspiracy and firearms not to be carried without a license.[1]  Fooks presents two questions for this Court's review:  (1) Are petitioner's claims for relief properly cognizable under the PCRA, and (2) Did the PCRA court abuse its discretion in denying the PCRA petition, insofar as the petitioner established the merits of the claim that his guilty plea was not knowingly and voluntarily entered, but unlawfully induced due to the ineffectiveness of trial counsel who advised and

_____

[1] 18 Pa.C.S. §§ 2502(c), 903(a)(1), and 6106(a)(1), respectively.

assured him that if he pleaded guilty to third degree murder in exchange for a 20-40 year sentence, he would only have to serve half of his minimum term; and was counsel ineffective for not moving to withdraw the unknowing, involuntary and unlawfully induced plea. See Fooks' Brief at 4. Based on the following, we affirm.

The facts of this case were succinctly summarized by this Court in Fooks' direct appeal:

> Fooks and Rayshon Shields intended to sell drugs to people in a home. However, once inside, Fooks and Shields decided to rob the people. Fooks shot and killed Roger Griffin ("Griffin") as Griffin attempted to run out of the house. Fooks and Shields then took money and cell phones from the home. Fooks was subsequently arrested and charged with criminal homicide, robbery, conspiracy, and firearms not to be carried without a license.

Commonwealth v. Fooks, 156 A.3d 339 (Pa. Super. 2016) (unpublished memorandum, at 1-2).

The PCRA court recounts the procedural history following Fooks' arrest:

On October 5, 2015, [Fooks] entered into a negotiated guilty plea to one count of Third Degree Murder and agreed to a sentence of not less than 20 years nor more than 40 years. [Fooks] had originally been charged with Second Degree Murder and was facing a mandatory life sentence. In exchange for his agreement to plead guilty to the terms described above, the Commonwealth agreed to withdraw the charge of Second Degree Murder. The terms of the plea agreement were placed on the record. This Court engaged in a colloquy with [Fooks] to establish [Fooks'] understanding of the nature of Third Degree Murder; to establish a factual basis for the plea; to establish [Fooks'] understanding that he had a right to trial by jury; to establish [Fooks'] understanding that he was presumed innocent; to establish [Fooks'] awareness of the permissible ranges of sentences and/or fines for the offenses charged; and to establish that [Fooks] was

aware that this Court was not bound by the terms of the plea agreement. .... In this case, the colloquy was both oral and in writing... The terms of the plea agreement were also placed on the record.

[Fooks timely filed a PCRA petition requesting reinstatement of his direct appeal rights from the post sentencing stage, which the PCRA court granted, and Fooks] filed a direct appeal to the Superior Court alleging that his sentence was manifestly excessive. Commonwealth v. Fooks, 251 WDA 2016 (August 16, 2016) [156 A.3d 339 (Pa. Super. 2016) (unpublished memorandum)]. The Superior Court ruled that the appeal was frivolous because [Fooks'] sentence was imposed consistent with the plea agreement that he acknowledged on the record. The Superior Court terminated the appeal. [Fooks] then filed the instant PCRA petition alleging that his guilty plea was not knowingly and voluntarily entered because his trial counsel unlawfully induced him into accepting the plea agreement by misrepresenting to [Fooks] that he would only have to serve one-half of the minimum term of the prison sentence, i.e. ten years. As a result, he claims, counsel rendered ineffective assistance of counsel for failing to move to withdraw his guilty plea. ...

PCRA Court Opinion, 1/30/2018, at 1-2.

After Fooks filed this PCRA petition pro se on January 17, 2017, the PCRA court appointed counsel and counsel filed an amended PCRA petition on June 26, 2017. Thereafter, on September 12, 2017, the PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, and ultimately dismissed the petition on November 7, 2017. This appeal followed.[2]

Preliminarily, we state the principles that guide our review:

"Our standard of review of a [PCRA] court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence

_____

[2] Fooks timely complied with the order of the PCRA court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

- 3 -

of record and is free of legal error.'" Commonwealth v. Barndt, 2013 PA Super 206, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting Commonwealth v. Garcia, 2011 PA Super 124, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

* * * *

To the extent that Appellant is challenging the effectiveness of his plea counsel, we bear in mind that counsel is presumed to be effective. Commonwealth v. Simpson, 631 Pa. 423, 112 A.3d 1194, 1197 (Pa. 2015). To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must prove each of the following: "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." Id.

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Commonwealth v. Moser, 2007 PA Super 93, 921 A.2d 526, 531 (Pa. Super. 2007) (internal quotations and citations omitted). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Barndt, 74 A.3d at 192 (citation and internal quotation marks omitted).

Commonwealth v. Pier, 182 A.3d 476, 478-79 (Pa. Super. 2018).

Initially, with regard to the first issue raised by Fooks, Fooks maintains he is eligible for relief under the PCRA since his PCRA petition was timely filed, see 42 Pa.C.S. § 9545(b)(1), and the issues raised therein have not been previously litigated or waived. See 42 Pa.C.S. § 9543(a)(3). We agree.

Here, Fooks was sentenced on October 5, 2015. After filing a PCRA petition, Fooks' direct appeal rights were reinstated at the post-sentence stage on January 12, 2016. A post-sentence motion was denied on January 19, 2016, and he appealed. This Court dismissed the appeal on August 16, 2016,[3] and his judgment of sentence became final 30 days later, on September 15, 2016, when the time for filing a petition for allowance of appeal in the Pennsylvania Supreme Court expired. See 42 Pa.C.S. § 9545(b)(3)("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). As Fooks filed the instant petition on January 17, 2017, his petition is timely. See 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final ...").

Furthermore, the record confirms the ineffectiveness issue raised in Fooks' petition has not been previously litigated or waived, see 42 Pa.C.S. §§ 9543(b)(3), 9544, as these post-conviction proceedings are Fooks' first opportunity to raise such claim. See Commonwealth v. Holmes, 79 A.3d 562, 576 (Pa. 2013) ("claims of ineffective assistance of counsel are to be deferred to PCRA review . . . and such claims should not be reviewed upon

_____

[3] Commonwealth v. Fooks, 156 A.3d 339 (Pa. Super. 2016) (unpublished memorandum).

- 5 -

direct appeal") (reaffirming Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002).

Finally, we recognize this Court has instructed that "[a]llegations that counsel misadvised a criminal defendant in the plea process are properly determined under the ineffectiveness of counsel subsection of the PCRA [42 Pa.C.S. § 9543(a)(2)(ii),] not the [sub]section specifically governing guilty pleas [42 Pa.C.S. § 9543(a)(2)(iii)]." Commonwealth v. Lynch, 820 A.2d 728, 730 n.2 (Pa. Super. 2003). Therefore, Fooks' claims are cognizable under Section 9543(a)(2)(ii) of the PCRA. Accordingly, we turn to address Fooks' contention that his plea was involuntary because it was unlawfully induced by plea counsel's incorrect representation that Fooks would be eligible for parole in ten years, after serving half of his minimum term.[4]

_____

[4] Fooks acknowledges in his brief that he will not be eligible for parole until he has served his minimum term of imprisonment. Fooks points to 61 Pa.C.S. § 6137, which states, in part:

> The power to parole granted under this section to the board may not be exercised in the board's discretion at any time before, but only after, the expiration of the minimum term of imprisonment fixed by the court in its sentence or by the Board of Pardons in a sentence which has been reduced by commutation.

61 Pa.C.S. § 6137(a)(3). Fooks also cites 42 Pa.C.S. § 9756, which states, in part: "The minimum sentence imposed under this section may not be reduced through parole prior to the expiration of the minimum sentence unless otherwise authorized by this section or other law." 42 Pa.C.S. § 9756(b)(2). See Fooks' Brief at 15-16.

The PCRA court, in support of its determination that Fooks' petition warranted dismissal, concluded:

> On the record and in the written colloquy, Petitioner acknowledged that no promises had been made to him outside the terms of the plea agreement as an inducement to plead guilty. He also affirmed that nobody, including his trial counsel, had promised him anything in exchange for the guilty plea other than the terms of the plea agreement that were placed on the record. Petitioner stated that he had sufficient time to speak with his counsel and he was satisfied with trial counsel's representation. It is clear from the record that Petitioner understood the charges to which he was pleading guilty, the constitutional rights he relinquished, the sentence he was to receive and the benefit he was receiving by accepting the plea agreement. There is no question that Petitioner bargained for the plea agreement and he received the benefit of that bargain.
>
> Based on the foregoing, there was no need for a hearing in this matter.

PCRA Court Opinion, 1/30/2018, at 6.

Based on our review, we find no basis upon which to disturb the determination of the PCRA court. While Fooks contends trial counsel told him he would be eligible for parole in ten years, Fooks testified at the guilty plea hearing that he agreed he would serve a sentence of imprisonment of 20 to 40 years as a result of the negotiated plea.

Specifically, the following discussion occurred:

> THE COURT [addressing the prosecutor]: Is there a plea agreement, Mr. Broman?
>
> MR. BROMAN: Yes, Your Honor. In return for The Defendant's plea to third degree [murder], The Commonwealth has agreed for a 20 to 40 year sentence. The Commonwealth has agreed to proceed on that [as to count one] and withdraw count two [for] robbery.

THE COURT: You're withdrawing count two. You're keeping [count three for] conspiracy and [count four for] the firearm charge?

MR. BROMAN: Correct, Your Honor.

THE COURT: The agreement is that The Defendant will plead guilty to third degree [murder] and that he gets 20 to 40 years for the murder charge?

MR. BROMAN: That's correct.

THE COURT: Is that your understanding?

MR. THOMASSEY [TRIAL COUNSEL]: It is, Your Honor.

THE COURT: Mr. Fooks, did you understand that The Commonwealth has agreed to withdraw the [count one] murder charge as it is in the document, but amend it, so to speak, by qualifying it as murder in the third degree, taking away the murder one or murder two possibility. Now it's murder three making that number 20 to 40 years, withdrawing the robbery, which takes it out of the penalty of murder by virtue of that and agree to conspiracy and the firearm [violation]. You would be pleading guilty to those with no further penalty. Is that what you agreed to do?

THE DEFENDANT: Yes, sir.

N.T., 10/5/2015, at 5-6.

In addition, Fooks confirmed (1) no one had forced him to plead guilty, (2) no one had made him any promises outside of the terms of the plea agreement, (3) he was giving up his right to trial of his own free will, (4) he had enough time to talk to his attorney about whether to go to trial or plead guilty, and (5) he was satisfied with his attorney's overall handling of his case. See id. at 9-10.

Fooks also answered questions in a written guilty plea colloquy, as follows:

> 56. Has anyone (including your attorney) promised you anything in exchange for the guilty plea other than the terms of any plea bargain? <u>NO</u>
>
> 57. Do you understand that if there is a plea bargain in this case, the terms of the plea bargain will be stated on the record before the judge and that you will be bound by the terms of the plea bargain as they appear of record? <u>YES</u>

Written Guilty Plea Colloquy, 10/5/2015, at 9.

Following the guilty plea, Fooks waived a pre-sentence report and proceeded immediately to sentencing. After the trial judge imposed sentence, he questioned Fooks again regarding his understanding of the sentence, and Fooks confirmed he understood his sentence.

> THE COURT: CC 2013-08254 on count one, murder in the third degree, you are sentenced to a period of incarceration not less than 20 or more than 40 years per the agreement. You will be given credit for all time served up until today…. No additional penalty for count three or four, count two having been withdrawn.
>
> The Defendant is not RRRI eligible by nature of the offense and the facts surrounding it.
>
> The Court will waive Court costs insasmuch as The Defendant will be incarcerated for a minimum of 20 years.
>
> Do you understand your sentence, sir?
>
> THE DEFENDANT: Yes, sir.

Id. at 18-19 (emphasis added).

Relevant to the verbal responses Fooks offered while under oath during his plea of guilty colloquy and his written plea statement representations, we emphasize:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden proving otherwise.
>
> * * * *
>
> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradicts the statements he made at his plea colloquy.
>
> * * * *
>
> > [A] defendant who elects to plead guilty has a duty
> > to answer questions truthfully. We [cannot] permit
> > a defendant to postpone the final disposition of his
> > case by lying to the court and later alleging that his
> > lies were induced by the prompting of counsel.

Commonwealth v. Pollard, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted) (emphasis supplied).

Here, nothing in the record supports Fooks' claim that plea counsel represented to him he would be eligible for parole after serving half of his minimum sentence. Fooks is bound by the statements he made in the oral and written plea colloquies, and cannot now contradict those statements to challenge the lawfulness of the plea. See Pollard, supra. Therefore, Fooks' claim lacks arguable merit.

We add that the certification PCRA counsel has attached to Fooks' amended petition fails to advance Fooks' claim that plea counsel advised him he would only serve 10 years' imprisonment. In the certification, counsel only avers plea counsel would testify he would have had no reasonable basis for failing to seek withdrawal of the plea "if he knew that Mr. Fooks erroneously believed he would only have to serve half of his minimum sentence, and that he would not have pleaded guilty if he knew he had to serve all of his minimum sentence." PCRA Certification at ¶4 (emphasis added), attached to Amended PCRA Petition, 6/26/2017. In addition, the lack of any challenge at the time of sentencing also undermines Fooks' claim. In this regard, it is important to note that the trial judge explicitly specified that Fooks would be incarcerated for a minimum of 20 years, Fooks affirmatively indicated his understanding of his sentence when questioned by the trial judge, and neither Fooks nor plea counsel raised any question or objection. See N.T., supra, at 19.

Consequently, in light of the foregoing, we conclude there is no arguable merit to Fooks' claim that counsel induced him to enter the negotiated guilty plea by promising him he would only have to serve 10 years of his 20-year minimum sentence. Accordingly, we affirm the PCRA court's decision that dismissed Fooks' first PCRA petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/6/2018