J-S57018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL SHELLEY | : | |
| | : | |
| Appellant | : | No. 794 EDA 2018 |

Appeal from the PCRA Order August 3, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0001363-2012

BEFORE:   PANELLA, J., PLATT\*, J., and STRASSBURGER\*, J.

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 09, 2018**

Appellant, Daniel Shelley, appeals *nunc pro tunc* from the dismissal of his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We take the procedural and factual background of this matter from our independent review of the certified record and the PCRA court's May 18, 2018 opinion.  On October 11, 2011, police arrested Appellant for murder and related charges.  The charges arose from an incident in which Appellant fatally shot an innocent bystander when he opened fire on his intended target and missed.  Appellant entered a negotiated guilty plea to third degree murder on April 3, 2013.  In return, the Commonwealth withdrew a first-degree murder charge and its recommendation of a life sentence.  The court sentenced him

_____

\*   Retired Senior Judge assigned to the Superior Court.

to the agreed upon aggregate term of not less than twenty-two and one-half nor more than forty-five years of incarceration.

On April 17, 2013, the trial court denied Appellant's motion to withdraw his guilty plea, and this Court affirmed the judgment of sentence on January 12, 2016. (*See Commonwealth v. Shelley*, 2016 WL 128545, at *1 (Pa. Super. filed Jan. 12, 2016) (unpublished memorandum)). Appellant filed a PCRA petition on January 27, 2017 with the assistance of counsel. On June 29, 2017, the PCRA court provided notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907(1). The PCRA court denied the petition on August 3, 2017, and a panel of this Court dismissed his appeal for the failure to file a docketing statement. On March 15, 2018, the PCRA court granted Appellant's petition to reinstate his appeal rights *nunc pro tunc*. He now timely appeals *nunc pro tunc*.[1]

Appellant raises two questions for this Court's review:

> 1. Was plea counsel ineffective and did Appellant suffer prejudice because Appellant's guilty plea was not voluntary due to the fact that he was not orally advised of the presumption of innocence or the elements of the charges, there was no inquiry as to the right to a jury trial as well as associated rights, and there was no inquiry as to whether Appellant understood the written colloquy in English and whether the written colloquy was fully discussed with plea counsel?
>
> 2. Did the PCRA court err in failing to conduct an evidentiary hearing in relation to plea counsel's failure to interview and

---

[1] Pursuant to the PCRA court's order, Appellant filed a timely statement of errors complained of on appeal on April 4, 2018. The court filed an opinion on May 18, 2018. *See* Pa.R.A.P. 1925.

investigate eyewitnesses, Briana Shelly and Tiffany Wright, as well as alibi witness, Anna Lewis, because only an evidentiary hearing could assess plea counsel's role in inducing fourth-grade educated Appellant to enter a plea due to plea counsel's lack of preparedness for trial?

(Appellant's Brief, at 4).

"Our standard of review of a [PCRA] court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Pier*, 182 A.3d 476, 478 (Pa. Super. 2018) (citation omitted).

In his first issue, Appellant maintains that plea counsel was ineffective for conducting a defective guilty plea colloquy, resulting in an involuntary plea. (*See* Appellant's Brief, at 8-13). This issue does not merit relief.

> . . . To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must prove each of the following: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different.
>
> > Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
> >
> > Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial.

***Pier***, ***supra*** at 478-79 (citations, quotation marks, and footnote omitted).

"The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[.]" ***Commonwealth v. Bedall***, 954 A.2d 1209, 1212 (Pa. Super. 2008), *appeal denied*, 964 A.2d 893 (Pa. 2009) (citation omitted).

> The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. In determining whether a guilty plea was entered knowingly and voluntarily, . . . a court is free to consider the totality of the circumstances surrounding the plea. Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

***Id.*** at 1212-13 (citations and quotation marks omitted).

In the present case, Appellant completed a written colloquy in which he confirmed that he knew the charges to which he was pleading guilty, the elements the Commonwealth was required to prove, and the potential sentences that could be imposed. (***See*** Written Guilty Plea Colloquy, 4/03/13, at 1-2). He certified that he understood: his right to a jury trial, the presumption of innocence, that he was giving up pre-trial rights, and his limited grounds for appeal. (***See id.*** at 1-3). He also expressed his satisfaction with counsel, that the facts of the case had been explained to him,

and he was pleading guilty because he committed the charged crimes. (*See id.* at 1, 3).

At the oral guilty plea, Appellant confirmed that counsel had discussed the evidence against him, and the possible outcomes. (*See* N.T. Hearing, 4/03/13, at 9, 16). He affirmed that he understood the Commonwealth's burden of proof, his trial rights, and that the fact-finder would determine the trial outcome. (*See id.* at 9-12). He provided accurate testimony about his date of birth and age, and ably answered the questions of both the court and counsel. (*See id.* at 6-19, 37-40).

Based on the foregoing, we conclude that the record supports the PCRA court's denial of Appellant's claim, that counsel was ineffective for providing a deficient plea colloquy that resulted in a unknowing and involuntary plea.[2, 3] *See Pier*, *supra* at 478; *Bedall*, *supra* at 1212-13. Appellant's first issue does not merit relief.

---

[2] The PCRA court also noted counsel's advice to plead guilty was reasonable where Appellant faced a potential life sentence if he went to trial, and counsel negotiated a term of years in exchange for the Commonwealth withdrawing the first-degree murder charge. (*See* PCRA Court Opinion, 5/18/18, at 5).

[3] Moreover, Appellant's claim that he only reads at a fourth grade level and therefore he could not understand the colloquy lacks merit where he provides nothing to support this allegation, the record reflects that he attended school until the twelfth grade, and he affirmed that he understood the consequences of pleading guilty. *See Brown*, *infra.* at 1277; (*see also* N.T. Hearing, at 6-19, 37-40; Written Guilty Plea Colloquy, at 1).

In his second issue, Appellant complains that the court erred in not holding a hearing on his claim that counsel was ineffective for failing to interview and investigate witnesses. (*See* Appellant's Brief, at 14-16). This claim does not merit relief.

It is well-settled that:

> [A] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa. Super. 2015), *appeal denied*, 136 A.3d 981 (Pa. 2016) (citations and quotation marks omitted); *see also* Pa.R.Crim.P. 907.

To prove prejudice for counsel's failure to call a witness, a petitioner must establish that the witness existed and was available and willing to testify; and that counsel knew of, or should have known of the witness. ***See Commonwealth v. Pander***, 100 A.3d 626, 639 (Pa. Super. 2014), *appeal denied*, 109 A.3d 679 (Pa. 2015). Also, in the context of a guilty plea, a defendant must prove "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Pier***, ***supra*** at 479 (citation omitted).

Here, Appellant claims that, if counsel had interviewed his proposed witnesses, they would have rebutted the Commonwealth's identification and flight theories, and provided him with an alibi. (*See* Appellant's Brief, at 14-15). However, Appellant admitted his guilt, and he is bound by that admission. *See Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012), *appeal denied*, 63 A.3d 773 (Pa. 2013) ("A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled.") (citation omitted). As additionally observed by the PCRA court, Appellant was aware of, and informed counsel about, the alleged alibi witness before trial, but he elected to plead guilty, and take the negotiated sentence, instead. (*See* PCRA Ct. Op., at 7).

Based on the foregoing, and our independent review of the certified record, we conclude that it supports the PCRA court's finding that Appellant failed to create a genuine issue of material fact on his claim of counsel's ineffectiveness for failure to investigate potential witnesses. *See Pander*, *supra* at 639. Appellant's second issue lacks merit and the PCRA court properly denied his petition without a hearing. *See Smith*, *supra* at 1052.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/9/18