J-S13036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
 :
 v. :
 :
 :
 :
TERRANCE JONES :
 :
 Appellant : No. 537 EDA 2020

Appeal from the PCRA Order Entered January 15, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008269-2013

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED JUNE 09, 2021**

Terrance Jones (Jones) appeals from the order denying his first petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, filed in the Court of Common Pleas of Philadelphia County (PCRA court). Jones alleges the ineffective assistance of counsel for failing to protect him from the prejudicial impact of trial references to his past possession of a firearm. We affirm.

We take the following factual background and procedural history from our independent review of the record and the PCRA court's July 17, 2020 opinion.

_____

[*] Retired Senior Judge assigned to the Superior Court.

## I.

The trial court set forth the underlying factual background as follows:

This case arises from an incident on June 8, 2013 on the 4800 block of North 7th Street in Philadelphia. On that date, the victim, Wayne Oliver, attended a party across the street from his home. Several other houses on the block had people outside drinking as well. While hanging out on the porch at the party, Marlon Jones, [defendant Jones'] brother, and Oliver began arguing. The argument escalated when Marlon and Oliver threw punches back and forth until others jumped in and broke up the fight. Oliver then walked down the street and Marlon followed him. The two met in the middle of the street and began to fight again. After about a minute of fighting, Oliver's son pulled him from Marlon and Oliver went to his porch. After going inside his house for about fifteen minutes, Oliver returned to his porch where he was approached by Marlon's son. The two began arguing on the porch and then they moved into the street where they began to fight. They were in the middle of the street fighting while others watched. During this time, [Jones] was leaning on a car on the other side of the two-lane street watching the fight. Oliver stated that Jones was only about six to eight feet away from them.

At trial, Oliver explained how [Jones] then became involved:

Well, we went at it for maybe 30 seconds and I heard a noise, [Marlon's son] ran towards [Jones]. I went to cut them off and when [Marlon's son] ran past [Jones], I was in their face. [Jones'] hands came up, I tried to swing, a shot went off, and blew my leg from under me, I went down, I couldn't get up. So what [Jones] was doing at that time I don't know because I didn't see him. I was just on the ground trying to get up and couldn't get up.

(N.T. Trial, 11/23/15, at 24-25).

(PCRA Court Opinion, 7/17/20, at 2-3) (pagination provided; most record citations omitted).

Jones, who was not licensed to carry a firearm and was prohibited from owning one due to a prior conviction, was arrested for Aggravated Assault, Carrying a Firearm without a License, Carrying a Firearm on Public Streets in Philadelphia, Recklessly Endangering Another Person (REAP), Possession of a Firearm Prohibited, Possessing an Instrument of Crime (PIC) and Simple Assault.[1]

Trial commenced on November 20, 2015. In its opening instructions, the court advised the jury, *inter alia*:

> Statements by counsel are not evidence. The questions that counsel ask are not in themselves evidence. It is the answers to the questions that provide the evidence to you. Don't speculate or guess that a fact is true just because they ask a question that assumes the fact is true.

(N.T. Trial, 11/20/15, at 16).

> During defense counsel's opening statement, he asserted:

> Now, defendant sitting before you is an innocent man. He wasn't the individual that shot the victim, he didn't have a gun that night. He is too old for that stuff. He is 54 years old. He is not running around the city with guns. He sits before you as an innocent man and he was not the individual that shot the victim.

(*Id.* at 37-38).

The Commonwealth requested a side bar and argued that the above remark opened the door to admission of prior bad acts evidence that Jones

---

[1] 18 Pa.C.S. §§ 2702(a), 6106(a)(1), 6108, 2705, 6105(a)(1), 907(a) and 2701(a), respectively.

previously had threatened Oliver with a gun. The court put the contents of the sidebar on record, and stated:

> I just don't know how in good faith you can say what you said to the jury knowing that out there are allegations that your client pointed a gun. There is no strategic reason to do what [you] did. It wasn't done in bad faith. I think it was a mistake. He said something sort of off the cuff that he shouldn't have said[.] …

(***Id.*** at 73-77).[2]

> The court told defense counsel:
>
> I will say this warning that if there is any even remote closely going to—this kind of argument [by defense counsel] I will let [the prosecutor] reopen his case … to put this evidence on if you say anything about my guy is not the kind of guy who carries a gun or is too old to be running around the neighborhood. Any reference to he is not the kind of person and I am going to literally let him reopen his case after you close and put on that evidence. It is character.

(***Id.*** at 79-80).

Mention of the gun that Jones had been seen with prior to the incident in question came up three times during trial. First, during Oliver's direct examination, the Commonwealth asked him if he could see what was in Jones' hands when he approached him that day, and Oliver stated that he knew what was in Jones' hands because he "brought the same gun on me before." (N.T.

---

[2] The court also mentioned a motion *in limine* that had been granted to preclude any testimony about Jones threatening Oliver with a gun in the past. Similarly, in his brief, Jones mentions a motion *in limine*. However, the motion is not on the docket and it is unclear whether it was filed or instead raised off the record in chambers. In any event, this does not affect our disposition.

Trial, 11/23/20, at 27).   Shortly after, during Oliver's cross-examination, defense counsel asked him:

> [Defense Counsel]: And you never saw the firearm?
>
> [Oliver]: I saw the one that shot me.
>
> [Defense Counsel]: You did see it?
>
> [Oliver]: I saw it.  How you think I did to move out of the way?
>
> [Defense Counsel]: You did see the firearm?
>
> [Oliver]: I got a good enough look at the gun he drew on me before.

(*Id.* at 57-58).   Finally, during the Commonwealth's cross-examination of Jones' brother, Marlon, the following interaction occurred:

> [Commonwealth]: Now, has your brother ever met [Oliver] before?
>
> [Marlon]: Yes.
>
> [Commonwealth]: The two of [them] don't get along; is that fair to say?
>
> [Marlon]: I wouldn't know.
>
> [Commonwealth]: Were you there?
>
> [Marlon]: I know they met.
>
> [Commonwealth]: But that's the extent of your knowledge they have on the relationship?
>
> [Marlon]: Yes.
>
> [Commonwealth]: And you never once heard about them having problems?
>
> [Defense counsel]: Objection.

THE COURT: Overruled.

[Marlon]: No, no problems.

[]
[Commonwealth]: How often do you think that [Oliver] and your brother seen each other?

[Marlon]: Once a year, as far as I know.

[Commonwealth]: Did you know your brother to carry a gun?

[Marlon]: No.

[Commonwealth]: Would it surprise you to hear that [Oliver] said your brother pointed a gun at him?

[Marlon]: Yes.

(*Id.* at 166-67).

The Commonwealth introduced evidence that at the hospital, Oliver identified Jones as the shooter. He also testified that immediately after the shooting, he told his daughters that Jones shot him. His daughters similarly testified that during the altercation, they heard a gunshot, their father came into the house with a gunshot wound and he identified Jones as the shooter. (*See* N.T. Trial, 11/20/15, at 51-54, 97-102).

In its closing instructions, the court reminded the jury that it was their recollection of the evidence that guided their deliberations, (*see* N.T. Trial, 11/24/15, at 16), and advised the jury, in pertinent part, that:

> You heard evidence tending to show that the defendant was in possession of a firearm on an earlier occasion for which he's not on trial. I'm talking about Mr. Oliver talking about he had seen the defendant with a gun in the past. This evidence is before you

- 6 -

for a very limited purpose.  And that is for the purpose of showing that the defendant had access to a firearm and that the complainant was able to identify the firearm because he had seen it in the past.  This evidence must not be considered by you in any way other than for the purposes I just said.  You must not regard this evidence as tending to show that the defendant is a person of bad character or with criminal tendancies from which you may infer guilt.

(*Id.* at 71-72).

The jury found Jones not guilty of Aggravated Assault and convicted him of all other charges and he was later sentenced to an aggregate term of imprisonment of not less than six and one-half nor more than seventeen years.  On direct appeal, Jones challenged the weight of the evidence, and a panel of this Court affirmed the judgment of sentence on March 29, 2018. (*See Commonwealth v. Jones*, 188 A.3d 586 (Pa. Super. filed March 29, 2018) (unpublished memorandum)).

Jones filed a timely *pro se* first PCRA petition and appointed counsel filed an amended petition, arguing that trial counsel was ineffective for making statements in his opening statement that Jones was old and not running around the city with guns, and for failing to object to testimony that Jones had pointed a gun at the victim on prior occasions or raise such complaint on appeal.  The court denied the petition on January 20, 2020, and Jones timely appealed.  He and the court have complied with Rule 1925.  *See* Pa.R.A.P. 1925.

**II.**

Jones argues that "Trial counsel's failure to move for a mistrial or otherwise protect [him] at trial after several references to his having possessed and pointed a firearm in the past constituted ineffective assistance of counsel." (Jones' Brief, at 12); (*see id.* at 8, 11).[3, 4]

To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must prove each of the following:

> (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced – that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different.

*Commonwealth v. Pier*, 182 A.3d 476, 478-79 (Pa. Super. 2018) (citations omitted). An ineffectiveness claim must be denied if any of those prongs are not met. *See Commonwealth v. Postie*, 200 A.3d 1015, 1022 (Pa. Super.

---

[3] "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Johnson*, 179 A.3d 1153, 1156 (Pa. Super. 2018) (internal quotation marks omitted). The findings of the PCRA court and the evidence of record are to be viewed in the light most favorable to the Commonwealth. *Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010).

[4] Jones states that the trial court indicated that counsel was ineffective for opening the door to the testimony during his opening statement. (*See id.* at 14). However, other than mentioning this once, he appears to abandon any claim that counsel was, in fact, ineffective in his opening or that he was prejudiced by it. (*See id.* at 14-15). Similarly, he does not argue that counsel should have moved for a mistrial or that such a motion would have been granted. (*See id.*).

2018). "To satisfy the reasonable basis prong, the defendant must demonstrate that counsel's course of action had no reasonable basis designed to effectuate his client's interests." *Commonwealth v. Johnson*, 179 A.3d 1105, 1119 (Pa. Super. 2018), *appeal denied*, 197 A.3d 1174 (Pa. 2018) (citation omitted). Moreover, counsel cannot be found ineffective for failing to pursue a baseless or meritless claim. *See Commonwealth v. Epps*, 240 A.3d 640, 645 (Pa. Super. 2020). Counsel is presumed to be effective and the petitioner bears the burden of proving otherwise. *Id*.

### A.

In effect, Jones argues that counsel was ineffective for failing to object or move for a mistrial due to the admission of Rule 404(b) prior bad acts testimony.[5] (Jones' Brief, at 14-15). He maintains that the references to his prior possession of a firearm were more prejudicial than probative and the statements, when taken as a whole, affected the outcome. (*See id.*).

_____

[5] Jones' two-page argument is inadequate. He does not address the three ineffectiveness of counsel prongs, but instead he analyzes the issue as a direct Rule 404(b) appeal, arguing that the references to his prior possession of a firearm should not have been admitted because, whether singularly or in combination, they were more prejudicial than probative. (*See* Jones' Brief, at 15). This is insufficient and his claim is waived. *See Commonwealth v. Paddy*, 15 A.3d 431, 444 (Pa. 2011) (when an appellant fails to set forth all three prongs of the ineffectiveness test and [to] meaningfully discuss them, he is not entitled to relief, and we are constrained to find such claims waived for lack of development.) (citation and internal quotation marks omitted); Pa.R.A.P. 2119(a)-(b), 2101. Moreover, as discussed above, it would not merit relief.

Pursuant to Pennsylvania Rule of Evidence 404(b):

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character[, but] may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice."

Pa.R.E. 404(b)(1), (2).

Jones fails to argue that counsel lacked an objectively reasonable basis for not objecting to the statements that he possessed a gun and pointed it in the past. His claim fails on this basis alone. *See Postie, supra* at 1022.

Moreover, he would be unable to establish this prong because counsel had a reasonable basis for not objecting where it would have brought attention to fleeting references, and any objection would have lacked merit where the mentions were proper for the limited purpose of showing that Jones had access to a firearm and that Oliver was able to identify the firearm because he had seen it in the past. *See Commonwealth v. Spotz*, 870 A.2d 832 (Pa. 2005) (it may be appropriate for counsel to forego objecting because "objections sometimes highlight the issue for the jury."); *see also* Pa.R.E. 404(b)(2).

We further note that in the exchange with Jones' brother that Jones challenges, the witness actually testified that he was not aware of any prior issues between Oliver and Jones and that Jones does not carry a gun. Any facts about Jones and the victim possibly having prior problems or Jones' prior

gun possession were mentioned in the questions posed by the Commonwealth, and the trial court instructed the jury that the witness's answers, not facts assumed in counsel's question, were the evidence to be considered. ***See Commonwealth v. LaCava***, 666 A.2d 221, 231 (Pa. 1995) (it is well settled law that attorneys' statements or questions at trial are not evidence); (N.T. Trial, 11/20/15, at 16) (instructing, "Statements by counsel are not evidence. … It is the answers to the questions that provide the evidence to you. Don't speculate or guess that a fact is true just because they ask a question that assumes the fact is true."). The jury is presumed to have followed this instruction and Jones fails to prove that it did not. ***See Commonwealth v. Tyson***, 119 A.3d 353, 360 (Pa. Super. 2015) ("Jurors are presumed to follow the trial court's instructions."). Hence, he has failed to establish that he was prejudiced by counsel's failure to object to the Commonwealth's interaction with this witness.

Further, the victim's statements related to Jones' prior gun possession were unsolicited "passing references" that neither defense counsel nor the prosecutor pursued, immediately redirecting their questions. (***See*** N.T. Trial, 11/23/15, at 27, 57-58). Thus, they were unlikely to affect the outcome and were harmless error. ***See Commonwealth v. Weiss***, 81 A.3d 767, 720 (Pa. 2013) (claim that counsel was ineffective for failing to object to testimony regarding his prior bad acts was not persuasive since references to such acts were fleeting and counsel did not dwell upon them). In fact, the court

provided the jury with a limiting instructions advising them that it was to consider Oliver's statement that Jones had a gun in the past, only for the limited purpose of showing that Jones had access to a firearm, and that Oliver was able to identify the firearm because he had seen it in the past; not as tending to show that Jones is a person of bad character or with criminal tendancies from which it may infer guilt. This was a proper purpose for the testimony. **See** Pa.R.E. 404(b)(2). The jury is presumed to have followed this instruction and Jones provides no proof that it did not do so. **See Tyson**, **supra** at 360. Hence, based on the foregoing, he has failed to establish any prejudice suffered by the victim's testimony.

**B.**

Nor are we persuaded by Jones' speculative claim that the references, when taken as a whole, were more prejudicial than probative, so trial counsel was ineffective in failing to object to them.[6] Oliver testified that during the

---

[6] The cases on which Jones relies in support of this argument are not persuasive. First, both cases involved direct appeals. Secondly, their facts are distinguishable. In **Commonwealth v. Harvey**, a panel of this Court found that the aggregate effect of a prosecutor's improper actions in a nonjury trial deprived the defendant of a fair trial where prosecutor cross-examined him regarding his allegedly prior inconsistent statements without offering evidence that defendant had adopted such statements, expressed his personal belief in his closing argument that defendant was lying, and stated that defendant had acted in a "heroin starvation paranoia" despite defendant's denial of heroin addiction. **See Commonwealth v. Harvey**, 498 A.2d 378 (Pa. Super. 1985), *reversed*, 526 A.2d 330 (Pa. 1987). On appeal, the Pennsylvania Supreme Court reversed where the trial court presumably was not influenced by the statements and the evidence supported the verdict. In
*(Footnote Continued Next Page)*

altercation, Jones raised his hands, a shot immediately rang out and he was struck in the leg, causing him to fall. Both he and his daughters testified that immediately after the shooting, he told his daughters that Jones was the perpetrator, and he repeated this accusation at the hospital. To assume that the jury did not reach its verdict based on this evidence, but instead on fleeting references to Jones' prior possession of a firearm, is speculative.[7]

Accordingly, we affirm the PCRA court's order where Jones has failed to meet his burden to plead and prove counsel's ineffective assistance and the record supports the court's denial of relief.[8] *See Pier*, *supra* at 478-79; *Johnson*, *supra* at 1156.

Order affirmed.

_____

*Commonwealth v. Reynolds*, 386 A.2d 37, 41 (Pa. Super. 1978), a panel of this Court found on direct appeal that a prosecutor calling a defendant and his witness "robbers" and "rapists," comparing their rights to that of a victim, and asking the jury how it would like to step into a dark alley with them in closing argument contributed to defendant's conviction. These cases are inapposite to the circumstances here. This matter is a PCRA appeal, and the prosecutor did not make any comments rising to the level of those in *Harvey* and *Reynolds*.

[7] Having determined that Jones failed to meet the prejudice and reasonable basis prongs, either one of which would have defeated his claim, we decline to expressly address the underlying merits prong as well.

[8] To the extent that Jones argues trial counsel was ineffective for not raising the claims on appeal, he is due no relief where he failed to establish prejudice and counsel will not be found ineffective for not pursuing them. *See Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013).

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date:* _6/9/2021_