J-S82037-17

2018 PA Super 65

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
DANIEL JACOB PIER, :
:
Appellant : No. 988 WDA 2017

Appeal from the PCRA Order June 12, 2017
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001536-2015

BEFORE: BENDER, P.J.E., STEVENS, P.J.E.,* and STRASSBURGER, J.**

OPINION BY STRASSBURGER, J.: **FILED MARCH 21, 2018**

Daniel Jacob Pier (Appellant) appeals from the June 12, 2017 order that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The Commonwealth charged Appellant with aggravated assault and endangering the welfare of a child, claiming that he caused multiple injuries, including fractures of the arms and legs, to his less-than-two-month-old child, and failed to seek medical attention. N.T., 1/6/2016, at 7-8. Appellant pled no contest to the charges.[1] On March 8, 2016, Appellant was sentenced to an aggregate term of 23 to 46 months of incarceration. Appellant's post-

---

[1] The Commonwealth thereafter dismissed other charges not discussed herein.

* Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

sentence motion to modify sentence *nunc pro tunc* was denied on March 28, 2016, and he filed no direct appeal.

Appellant timely filed a PCRA petition on August 24, 2016. Counsel was appointed, and, after transcripts were produced, a supplemental petition was filed on March 13, 2017. On May 10, 2017, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not respond, and the PCRA court dismissed the petition by order of June 12, 2017. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[2]

"Our standard of review of a [PCRA] court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

On appeal, Appellant claims that the PCRA court erred in denying his PCRA petition because his plea was unknowing and involuntary. Specifically, Appellant claims that his plea was invalid because (1) plea counsel "failed to advise [Appellant] of his right to withdraw his no contest pleas and of the distinct legal standards relating to withdrawal of a plea prior to sentencing and

---

[2] The PCRA court did so by directing our attention to its Rule 907 notice for the reasons for its decision.

post-sentencing;" and (2) the "pleas were a product of a false and coerced confession made to the police investigators[.]" Appellant's Brief at 2.

To the extent that Appellant is challenging the effectiveness of his plea counsel, we bear in mind that counsel is presumed to be effective. *Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015). To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must prove each of the following: "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." *Id.*

> Allegations of ineffectiveness in connection with the entry of a guilty plea[3] will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007) (internal quotations and citations omitted). "Thus, to establish prejudice, the

---

[3] Appellant pled no contest rather than not guilty. However, "[i]t is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case." *Commonwealth v. V.G.*, 9 A.3d 222, 226 (Pa. Super. 2010). The standards for voluntariness and withdrawal of the plea are the same in both instances. *See* Pa.R.Crim.P. 590(A)(3) (discussing understanding and voluntary requirement of guilty or *nolo contendere* plea); Pa.R.Crim.P. 591 (providing one set of standards for withdrawal of plea of guilty or *nolo contendere*).

defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Barndt**, 74 A.3d at 192 (citation and internal quotation marks omitted).

To the extent that Appellant contends that his plea was involuntary because of his allegedly-coerced confession, Appellant must establish that his confession was constitutionally infirm, that the circumstances surrounding the plea make it likely that the confession caused him to enter the plea, and that counsel incompetently advised Appellant to enter the plea. **Commonwealth v. Nelson**, 574 A.2d 1107, 1110-11 (Pa. Super. 1990).

Appellant does not discuss his two challenges separately. Rather, the entirety of his argument is as follows.

> [Appellant] has alleged that counsel was ineffective in failing to advise him of his right to withdraw his no contest pleas and most importantly the distinct legal standards for said withdrawal based upon pre-sentencing and post-sentencing withdrawal.
>
> [Appellant] asserts that his no contest pleas were the product of his preceding confession to the police interrogators, which confession was false and the product of coercion by those police agents who promised that he would be permitted to leave [] the police station after he falsely admitted to the charges involving the assault and mistreatment of the infant, M.P. The recitation of the impact the false confession had on the election thereafter to enter the no contest pleas would have afforded [Appellant] with a fair and just reason to seek to withdraw the no contest pleas, if he had been apprised of his right to exercise that option. [Appellant] has provided further proof that his confession was in fact false and the product of police coercion in the form of statement from his parents, James Pier and Leann Pier, which statements were appended to the supplemental PCRA before the [PCRA c]ourt. His pa[r]ents recite that Kristen Farley, (mother of

- 4 -

M.P.), admitted to both of them on September 23, 2014 that she knew that [Appellant] lied about his confession because she was fully aware that he had never hurt her or the baby, which was the predicate for the criminal charges to which he confessed and ultimately pled no contest to in regard to the injuries to M.P. and the failure to seek prompt and necessary medical care for the infant. This admission by Kristen Farley corroborates and supports [Appellant's] instant challenges to the legal efficacy of the no contest pleas.

Appellant's Brief at 4-5.

We are unpersuaded that the PCRA court erred or abused its discretion in dismissing Appellant's PCRA petition. Appellant cites no authority to support his claim that effective assistance of plea counsel requires a discussion of the nuances of the standards for pre- and post-sentence withdrawal of the plea. On the other hand, the PCRA court, citing the requisites of a plea colloquy, notes that confirmation that a defendant is making a knowing, intelligent, and voluntary plea does not require that the defendant have any understanding of the legal standards for withdrawal of the plea. Notice of Intent to Dismiss, 5/10/2017, at 5 (citing Pa.R.Crim.P. 590 and Comment thereto).

Another defect in Appellant's argument noted by the PCRA court is that it is contrary to "[t]he longstanding rule of Pennsylvania law ... that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies." *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa. Super. 2007). Notice of Intent to Dismiss, 5/10/2017, at 4-5.

The record reveals that, after discussing Appellant's rights, the factual basis for the plea, and the penalties he faced, and after Appellant indicated his desire to plead no contest, the trial court colloquied Appellant as follows.

THE COURT:    Do you understand everything so far?

[Appellant]:    Yes.

THE COURT:    Do you understand the rights that you waive or give up when you enter a plea?

[Appellant]:    Yes, sir.

THE COURT:    Do you understand these two offenses that you're entering a plea to?

[Appellant]:    Yes.

THE COURT:    Do you understand that even though you're pleading no contest, you will stand convicted of these charges?  Do you understand that?

[Appellant]:    Yes.

THE COURT:    Have you had enough time to think about what to do in your case?

***

[Appellant]:    Yes.

THE COURT:    Are you satisfied with the legal representation you've received?

[Appellant]:    Yes.

THE COURT:    Do you feel pressured or forced or has anyone promised you anything to enter this plea?

[Appellant]:    No.

* * *

THE COURT: Has anyone promised you any type of sentence in your case?

[Appellant]: No.

THE COURT: Are you under the influence of any substance that would [a]ffect your ability to know what you're doing?

[Appellant]: No.

THE COURT: Is your plea here knowing and voluntary, meaning you know what you're doing and you're voluntarily entering your plea?

[Appellant]: Yes.

N.T., 1/6/2016, at 8-10.

"A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). Hence, even if we saw any logic behind Appellant's claim that he would not have lied at the plea colloquy had he known that it would have been harder to withdraw his plea after sentencing than it would have been before sentencing, we would agree with the PCRA court that Appellant cannot obtain relief now based upon the claim that he lied under oath then.

Order affirmed.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/21/2018