J-A06044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRY LEE NEWTON, JR. | : | |
| | : | |
| Appellant | : | No. 721 WDA 2020 |

Appeal from the PCRA Order Entered June 22, 2020
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0002405-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED: APRIL 30, 2021**

Terry Lee Newton, Jr. (Appellant) appeals from the order entered in the Washington County Court of Common Pleas, denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA),[1] seeking relief from his guilty plea to the charges of aggravated assault and flight to avoid apprehension.[2]  On appeal, Appellant contends the PCRA court erred when it rejected his claim that plea counsel's ineffectiveness caused him to enter an involuntary guilty plea.  We affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2702(a)(1), 5126(a).

We glean the facts of the underlying case from the affidavit of probable cause (APC).[3]  On August 17, 2016, at approximately 2:53 a.m., Charleroi Regional Police officers responded to a domestic disturbance at 1022 Fallowfield Avenue, Charleroi Borough.  Police Criminal Complaint, APC, 8/17/16, at 1.  Upon their arrival, police saw Krystal Randall (Eyewitness) running from the above address, yelling, "[H]e is inside and he is killing her!" *Id.*  Officer Michael Leasure observed Appellant "running from the back door of 1022 Fallowfield Avenue." *Id.*  Officer Leasure chased Appellant yelling, "Police[,] stop." *Id.*  Appellant continued to run until Officer Leasure and Officer McKean[4] apprehended him on the 1000 block of Railroad Way. *Id.* Officer Leasure then entered 1022 Fallowfield Avenue, where he observed blood on the floor.  The victim was found "lying on the floor unresponsive[ ]" with blood covering her face and shirt, as well as a "puddle of blood [under her] head and chest." *Id.*  The victim "had a faint pulse[,] shallow breathing[,] had lost a lot of blood[,]" had a "large laceration [on her] head," and the right side of her face was "swollen." *Id.*  Officer Leasure followed a "blood trail" into another room where he observed a "puddle of blood in the middle of the room along with a white chest freezer and a dehumidifier" with blood on them.

---

[3] The trial court noted at the plea hearing it was relying upon the APC for the factual predicate of this case.  N.T. Plea H'rg, at 6.  Neither the PCRA court nor the trial court included a recitation of the facts in their opinions.

[4] The record does not indicate Officer McKean's first name.

*Id.* Officer Leasure asked Eyewitness what happened, to which she responded:

> [Appellant] came over and . . .asked [the victim] for a cigarette and [the victim] said no. [Appellant then] picked up the chest freezer and struck [the victim] in the head with it. [Eyewintess] tried to stop [Appellant], but he began to try to hurt [Eyewitness. Eyewitness] ran out of the house and called 911.

*Id.* at 1-2.

Appellant was subsequently charged with attempted criminal homicide, aggravated assault, simple assault, reckless endangerment of another person, and flight to avoid apprehension.[5] On September 11, 2017, Appellant entered a negotiated guilty plea to aggravated assault and flight to avoid apprehension. The same day, Appellant completed a written guilty plea colloquy where he indicated he was **not** "satisfied with the legal advice and [ ] representation of" plea counsel Gary Graminski, Esquire, did **not** have "ample opportunity to consult with [Attorney Graminski] before entering [his] plea," and Attorney Graminski did **not** "go[ ] over the meaning of the terms of this document[ ]" with him. Guilty Plea Colloquy, 9/11/17, at 7. Appellant indicated in his written colloquy that no one forced him to accept a guilty plea, he was entering the plea of his own free will, and no threats were made to force him to plead guilty. *Id.*

The trial court then conducted an oral colloquy with Appellant, where he indicated he "had enough time to talk about [his] case with [Attorney]

---

[5] 18 Pa.C.S. §§ 901(a), 2701(a)(1), 2705.

- 3 -

Graminski[,]" was "satisfied with [Attorney Graminski's] representation[,]" and his answers were "truthful and honest[.]" N.T. Plea H'rg, 9/11/17, at 9-10. During the proceedings, Appellant stated he did not understand the term "stipulating." *Id.* at 6. After Attorney Graminski explained "stipulation" to Appellant, he stipulated to the "facts set forth in the affidavit of probable cause[.]" *Id.* As a result of the negotiated plea, the remaining charges were *nolle prossed*. Appellant was sentenced on the same day to the agreed-upon term of six to twelve years' incarceration for aggravated assault and a concurrent term of one to two years for flight to avoid apprehension.

On September 20, 2017, Appellant filed a *pro se* petition to withdraw his guilty plea, alleging ineffective assistance of counsel. On November 2, 2017, the trial court allowed Attorney Graminski to withdraw from representation and appointed new counsel. On December 18, 2017, the trial court conducted a hearing on Appellant's petition to withdraw his guilty plea and denied it.

On January 23, 2018, Appellant filed a notice of appeal. The Commonwealth filed a motion to quash the appeal for untimeliness, which this Court granted on May 20, 2019. *Commonwealth v. Newton*, 136 WDA 2018 (order) (Pa. Super. May 20, 2019). Appellant did not seek allocator with our Supreme Court.

Appellant filed *pro se* PCRA petitions on July 10, 2019, and July 24, 2019. The PCRA court ultimately appointed present counsel, Joseph Zupancic, Esquire, who filed an amended PCRA petition, claiming Attorney Graminski

- 4 -

provided ineffective assistance when he failed to "ensure an intelligent, knowing, and voluntary plea" and abandoned Appellant. Amended Petition for Post Conviction Relief, 10/6/19, at 7, 13. The PCRA court conducted an evidentiary hearing on May 22, 2020. Attorney Graminski testified extensively that he spoke with Appellant concerning: the scope of his representation, cost of representation, case strategies and theories, Appellant's charges, the facts of the case and how the Commonwealth could prove the charges, Appellant's plea colloquy, and the details of the Commonwealth's plea offers. N.T., PCRA H'rg, 5/22/20, at 9-11, 13, 15, 20, 28. Appellant also testified, contradicting Attorney Graminski's testimony concerning what he did as counsel, discussed *infra*. *See id.* at 38-41, 43, 46-47, 50.

Appellant filed a notice of appeal on July 16, 2020. He also timely complied with the PCRA court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), which raised, *inter alia,* the following claims:[6]

> 7. Arguing lack of validity, Appellant asserts the plea was not knowing because [Attorney Graminski] did not inform him of the offenses to which he was pleading.
>
> 8. Arguing the plea was not knowing, intelligent, and voluntary, Appellant asserts [Attorney Graminski] was ineffective in his legal assistance such that Appellant did not exercise free will, did not have ample opportunity to consult with [Attorney Graminski], and did not understand the impact of the plea including the sentence imposed.

---

[6] The Rule 1925(b) statement raised additional issues that Appellant has now abandoned on appeal.

Appellant's Statement on Appeal, 3/2/18, at 2 (unpaginated).

Appellant raises the following issues on appeal:

1. Whether the trial court erred in finding that [Appellant's] trial counsel had not rendered ineffective assistance of counsel which failed to ensure that [Appellant's] guilty plea was voluntarily, knowingly and intelligently entered.

2. Whether the trial court erred in finding that [Appellant's] trial counsel had not abandoned him at the time of trial and thus caused [Appellant] to enter into a plea that was not voluntarily, knowingly and intelligently entered.

Appellant's Brief at 7.

Our review of an order denying a PCRA petition is well-settled: "[W]e must determine whether the PCRA court's order 'is supported by the record and free of legal error.'" **Commonwealth v. Johnson**, 139 A.3d 1257, 1272 (Pa. 2016) (citation omitted). Furthermore, "[t]he PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court." **Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020).

Where a petitioner's claims raise allegations of prior counsel's ineffectiveness,

the petitioner must demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. . . . Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the petitioner must advance sufficient evidence to overcome this presumption.

**See Johnson**, 139 A.3d at 1272 (citations omitted).

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the] appellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

*Commonwealth v. Fears*, 86 A.3d 795, 806–07 (Pa. 2014) (citation omitted).

In his first claim, Appellant argues Attorney Graminski provided ineffective assistance, rendering his guilty plea not voluntary, knowing, or intelligent. Appellant's Brief at 11. Appellant maintains the PCRA court's findings, that he did not meet the three elements of the ineffectiveness test, were "not supported by the record [or] f[r]ee from legal error. *Id.* at 12. Appellant contends he has "at least" three different grounds with arguable merit supported by the record, satisfying the first prong of the ineffectiveness test. *Id.* First, Appellant argues "he did not have a sufficient understanding of the factual predicate to the two [ ] counts to which he was pleading guilty[ ]" because he "did not understand the nature of the specific charge to which he was pleading guilty, [ ] it is unclear [ ] that he understood that he was stipulating to the facts that formed the predicate for each charge[,]" and "he never had a discussion with [Attorney] Graminski about how the facts could be used to establish the charges against him." *Id.* at 12, 14-15. Appellant cites his plea hearing statement, where he asked Attorney Graminski what "stipulating" means, and his PCRA hearing testimony that he "never had a conversation about" how the facts of the case could prove the charges against

him and that he "didn't know [he] was pleading to [s]erious [b]odily [i]njury." *Id.* at 13-15.

Second, Appellant argues he "expressed in his written colloquy that he was not satisfied [with Attorney] Graminski's representation [and] did not have sufficient time to prepare [for] trial." Appellant's Brief at 15. When asked, at the PCRA hearing, why he stated in the oral colloquy that he was satisfied with Attorney Graminski's representation, Appellant testified: "Because [Attorney] Graminski told me that I had to agree with what the Judge was asking me or my plea wasn't going to get accepted, and, to me, six years is better than 30." *Id.* at 17. Appellant contends that due to his conflicting answers in the written and oral colloquies, "the [trial] court should have inquired further into whether his oral answers accurately reflected his appraisal of [Attorney] Graminski's performance in order to establish [Appellant's] true intent on the record." *Id.* Appellant maintains it was also Attorney Graminski's duty to "clear this matter up on the record [ ] especially since [Attorney Graminski] was aware of the contradictory answers." *Id.*

Third, Appellant argues Attorney Graminski "did not explain to him that he would be receiving a state sentence for the crimes to which he was pleading guilty[ ]" and Appellant only learned of this fact when "he heard it from the [Commonwealth] at the time of the plea and sentencing proceeding." Appellant's Brief at 18. Appellant acknowledges Attorney Graminski's testimony at the PCRA hearing that he did inform Appellant of the state prison sentence, but nevertheless argues "if [ ] his counsel never advised him [that

the] plea offer was for a state prison sentence, that would be an issue that has arguable merit." *Id.*

Appellant also maintains, regarding the second element of the ineffectiveness test, Attorney Graminski "did not have a reasonable basis designed to effectuate [Appellant's] interests." Appellant's Brief at 18. Appellant contends Attorney Graminski "should have requested and required the Commonwealth to specifically state the factual basis for" Appellant's crimes on the record, instead of accepting a stipulation to the APC, in light of Appellant's "obvious confusion[.]" *Id.* at 19. Appellant maintains Attorney Graminski should have inquired further into whether Appellant was satisfied with his representation and explained Appellant would be receiving "state time" in exchange for his plea. *Id.*

Regarding the third prong of the ineffectiveness test, Appellant contends that "but for these factors and the ineffective assistance [of Attorney Graminski, Appellant] would not have accepted the plea offer and would have proceeded to trial." Appellant's Brief at 19. After careful review, we conclude no relief is due.

We first consider Appellant's first ground — that he did not understand what he was pleading guilty to and did not discuss the facts of his case with Attorney Graminski. Appellant ignores the PCRA court's finding that Appellant was not credible in this regard, and instead that Attorney Graminski was credible. *See* PCRA Ct. Op., 6/22/20, at 8. At the PCRA hearing, Attorney Graminski and Appellant presented conflicting accounts of their pre-plea

- 9 -

discussions. Appellant stated he did not understand that he was pleading guilty to "serious bodily injury" at the time of the plea hearing, but admitted it was on the first page of the information he reviewed as part of his discovery. N.T., PCRA H'rg, at 45, 51-52. Appellant also stated he did not understand he was admitting to the facts through his stipulation. *Id.* at 46-47. At this juncture, we note Attorney Graminski explained to Appellant on the record at the plea hearing that stipulating to the facts meant he would be "[a]greeing to them. Not arguing about them[,]" and Appellant then agreed to the stipulation. N.T., Plea H'rg, at 6. Meanwhile, Attorney Graminski testified at the PCRA hearing that he discussed with Appellant the facts of his case and how they could prove the elements of each charge. N.T., PCRA H'rg, at 20. Again, the PCRA court found Attorney Graminksi's testimony credible. PCRA Ct. Op. at 8. We conclude the court's finding is supported by the record, and thus, we are bound by this credibility determination. *See Small*, 238 A.3d at 1280. Accordingly, Appellant has failed to establish his underlying claim has arguable merit. *See Johnson*, 139 A.3d at 1279.

Furthermore, with respect to Appellant's second ground, that Attorney Graminski had a duty to "clear up" the discrepancies between his written and oral colloquies, we note that after the written colloquy, the trial court conducted an oral colloquy to address Appellant's satisfaction with Attorney Graminski's representation. Appellant responded he did have enough time to speak with Attorney Graminski, and the trial court found his plea was knowing, intelligent, and voluntary. N.T., Plea H'rg, at 9, 11. We cannot allow Appellant

to withdraw his plea based on his contradictory written responses and oral statements when the trial court clarified these discrepancies on the record. *See id*; *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018) ("[A] defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies.") (citation omitted); *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2013) ("Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. . . . A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.") (citations omitted). Additionally, the PCRA court's finding that Appellant entered a knowing, voluntary, and intelligent plea is supported by the record and thus, is binding upon this Court. *See Small*, 238 A.3d 1267, 1280. Accordingly, Appellant's claim, that Attorney Graminski had no reasonable basis for his alleged failure to "clear up" Appellant's inconsistent responses at the plea hearing, is meritless. *See Johnson*, 139 A.3d at 1279.

We also reject Appellant's third contention, that Attorney Graminski did not explain that he would be receiving a state sentence in exchange for his plea. At the PCRA hearing, Attorney Graminski testified that at the September 8, 2017, pre-trial conference, the trial court informed Appellant of each charge and the maximum sentence. N.T., PCRA H'rg, at 13, 25-26. Attorney Graminski also testified that before pleading guilty, he discussed with Appellant on "numerous occasions" that the Commonwealth's offer included a

"state prison sentence." *Id.* at 28. Appellant's guilty plea colloquy confirms that he "discussed with Attorney Graminski the permissible range of sentences [and] the grading and maximum sentences for both charges." *See* PCRA Ct. Op. at 7; Guilty Plea Colloquy, at 8. The PCRA court made a factual finding that the record reflects Appellant was aware the Commonwealth's offer included a state sentence; thus, Appellant's claim is meritless. *See* PCRA Ct. Op. at 7; *Small*, 238 A.3d at 1280; *Johnson*, 139 A.3d at 1279. For the foregoing reasons, we agree with the PCRA court that Appellant failed to establish any of the ineffectiveness prongs. Accordingly, no relief is due.

In his second claim on appeal, Appellant argues the PCRA court erred when it found Attorney Graminski did not abandon Appellant and thus did not cause him to enter an involuntary, unknowing, and unintelligent plea. Appellant's Brief at 21. Appellant cites his PCRA testimony that although his family members paid Attorney Graminski attorneys' fees, Attorney Graminski informed Appellant he would not proceed to trial because Appellant had not paid him for that. *Id.* at 22-23. *Id.* at 22. Appellant stated Attorney Graminski did not tell him he had any other option than to plead guilty. *Id.* at 23. Appellant claims this had an "obvious coercive effect upon [him]," making him believe his only options were to take the plea "or proceed to jury trial with an attorney that would not represent him at all, or who would not zealously advocate for his interests because he had not been paid[.]" *Id.* at 24. Appellant argues he "had no choice but to accept a guilty plea offer so as to avoid the risks of going to trial." *Id.* Appellant contends the trial court

relied only upon his testimony at his plea hearing and not the testimony at his PCRA hearing when finding Attorney Graminski had not abandoned him. *Id.* at 25.

We reiterate the PCRA court credited Attorney Graminski's testimony that he met with Appellant multiple times and discussed the scope of his representation and that additional funds would be needed for trial. *See* PCRA Ct. Op. at 8; N.T., PCRA H'rg, at 9. Attorney Graminski testified he completed an "appropriate amount of preparation" and had "extensive conversations" with both Appellant and the Commonwealth regarding the non-jury trial scheduled for August 28, 2017. *Id.* at 14. Attorney Graminski also testified at the hearing that on September 11, 2017, he was "ready, willing, and able to zealously represent [Appellant] at trial[ ]" even if Appellant's family had not paid additional funds and "nothing was preventing [Appellant] from saying 'I don't want to [plead guilty].'" *Id.* at 24. We cannot disturb the PCRA court's credibility determinations. Instead, we defer to its findings. *See Small*, 238 A.3d 1267, 1280.

Because Appellant has not raised any meritorious grounds for an ineffective assistance claim, no relief is due. Appellant is essentially asking this Court to supplant the PCRA court's credibility determinations with our own, which we decline to do. *See Small*, 238 A.3d at 1280. Given the PCRA court's credibility determination and factual findings, our review of the record supports the PCRA court's conclusion that relief is not warranted.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/30/2021