J-S34031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
   :
   :
v.   :
   :
   :
   :
NASIR ANTHONY MALIK GRANT   :
   :
Appellant   :   No. 625 MDA 2021

Appeal from the PCRA Order Entered April 22, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001705-2019

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
   :
   :
v.   :
   :
   :
   :
NASIR ANTHONY GRANT   :
   :
Appellant   :   No. 626 MDA 2021

Appeal from the PCRA Order Entered April 22, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001532-2019

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:      **FILED: FEBRUARY 23, 2022**

Appellant, Nasir Anthony Malik Grant, appeals from the orders entered at two criminal dockets in the Dauphin County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

At a plea hearing held January 21, 2020, Appellant entered a negotiated guilty plea to firearms and other offenses. Appellant admitted that on March

13, 2019, he caused a hit-and-run collision while driving a stolen vehicle, then fled from the police. Appellant reached speeds up to 125 miles-per-hour before abandoning his vehicle and continuing to flee on foot. When police eventually caught Appellant, he was in possession of a 9-millimeter handgun and "a large amount of crack cocaine, heroin, and methamphetamine pills. [Appellant] also has a prior conviction for a delivery of a controlled substance making him a person[] not to possess [a firearm]."[1] PCRA Ct. Op., 4/21/21, at 1 n.1.

Pursuant to the negotiated plea, the court immediately sentenced Appellant to an aggregate term of 4 to 10 years' incarceration. Relevant to the instant appeal, Appellant's sentence did not include participation in boot camp. Appellant did not file a direct appeal.

On June 5, 2020, Appellant *pro se* filed a timely PCRA petition, his first. The PCRA court appointed counsel who, on July 30, 2020, filed an amended petition alleging ineffective assistance of plea counsel ("IAC") for, *inter alia*, allegedly misleading Appellant into believing his plea deal included participation in boot camp.

_____

[1] The Commonwealth charged Appellant with three counts of Possession with Intent to Deliver a Controlled Substance and one count each of Persons Not to Possess Firearms, Firearms Not to be Carried Without a License, Recklessly Endangering Another Person, Receiving Stolen Property, Flight to Avoid Apprehension, Fleeing or Attempting to Elude Police Officer, Driving While Operating Privilege Suspended or Revoked, Accidents Involving Damage to Attended Vehicle or Property, and Duty to Give Information and Render Aid. 35 P.S. § 780-113(a)(30), 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 2705, 3925(a), 5126(a), 75 Pa.C.S. §§ 3733(a), 1543(a), 3743(a), 3744(a), respectively. Appellant pleaded guilty to all charges.

On December 18, 2020, the PCRA court held a hearing at which Appellant and his plea counsel testified. On April 26, 2021, the court dismissed Appellant's petition. Appellant timely filed a Notice of Appeal and both he and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises a single issue for our review:

> Whether the trial court erred in dismissing [Appellant's] PCRA petitions when plea counsel was ineffective for advising Appellant that he was eligible to participate in a boot-camp program while incarcerated, where such advice was erroneous and material to Appellant's decision to accept the plea [deal]?

Appellant's Br. at 8 (unpaginated).[2]

Appellant alleges that his plea counsel errantly advised him that his negotiated sentence would include participation in boot camp. *Id.* at 14, 16-19. Appellant avers that, but-for counsel's reference to boot camp, he would not have accepted the deal and would have, instead, gone to trial. *Id.* at 18.

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Andrews***, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted). Our scope of review is restricted to the findings of the PCRA court and the evidence

---

[2] Appellant also alleges that "counsel specifically and erroneously advised him of an incorrect prior record score" based on a mistaken belief that Appellant was born in 1995 rather than 1999. Appellant's Br. at 17. Appellant did not include this issue in his Statement of Questions Involved and it is not fairly suggested thereby; thus, it is waived. *See* Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

of record and must view these in a light most favorable to the Commonwealth as the prevailing party. ***Commonwealth v. Medina***, 92 A.3d 1210, 1214 (Pa. Super. 2014). Crucially, the PCRA court's credibility determinations are binding on this Court when supported by the record. ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. Super. 2011).

Appellant alleges that his plea counsel was ineffective. We presume counsel is effective. ***Commonwealth v. Cox***, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015). To establish prejudice for ineffective assistance of plea counsel, the petitioner must prove a reasonable probability that but-for counsel's error, the petitioner would have insisted on going to trial. ***Commonwealth v. Pier***, 182 A.3d 476, 479 (Pa. Super. 2018). A claim will be denied if the petitioner fails to meet any one of these prongs. ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009).

In the instant case Appellant testified that he asked plea counsel if "boot camp [was] an option" if he pleaded guilty. N.T. PCRA Hr'g, 12/18/20, at 5. According to Appellant, plea counsel responded: "boot camp can be waived in during the sentencing process." ***Id.*** Appellant understood this response to mean that his sentence would include boot camp, and it was the "only reason

[he] stepped up and signed the [plea agreement.]"[3] *Id.* Appellant's testimony was the sole evidence presented at his PCRA hearing that, but-for counsel's reference to boot camp, Appellant would have insisted on going to trial.

In its opinion, the PCRA court explained that it did not find Appellant's testimony that he would have gone to trial to be credible. PCRA Ct. Op., 4/21/21, at 7. In support, the court cited (1) the 104-year maximum sentence Appellant would have faced if convicted of all charges at trial; (2) the "disturbing" facts of the case; and (3) that Appellant had a prior conviction for delivery of a controlled substance, thus making him a person not to possess a firearm. *Id.* at 1 n.1, 7.

Given its credibility finding and the lack of other relevant evidence, the PCRA court found that Appellant failed to prove that plea counsel's conduct caused him to suffer prejudice. PCRA Ct. Op. at 7. As a result, it concluded that Appellant's ineffective assistance of counsel claim failed. *Id.* at 7-8.

The record supports the PCRA court's credibility finding and, thus, we defer to it. *See* N.T. Plea Hr'g, 1/21/20, at 3-6 (recounting on the record the facts of underlying incident and Appellant's criminal history); Written Plea Colloquy, 1/21/20 (listing maximum aggregate sentence for all convictions). Given the court's credibility determination and the absence of other relevant

---

[3] Appellant also cites to a statement plea counsel made during sentencing, after Appellant had entered his plea, that Appellant was "looking forward to [quitting the use of illegal drugs] through boot camp[.]" N.T. Plea Hr'g, 1/21/20, at 7. There was no further mention of boot camp at Appellant's plea hearing.

evidence, we agree with the PCRA court that Appellant failed to prove that plea counsel's stewardship caused him to suffer prejudice. As a result, we affirm the court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judge McLaughlin files a concurring statement in which Judge Dubow joins.

Judge McCaffery files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/23/2022