J-S12007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CARL RALSTON :
:
Appellant : No. 1928 EDA 2023

Appeal from the PCRA Order Entered June 22, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002250-2021

BEFORE: DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 13, 2024**

Appellant Carl Ralston appeals from the June 22, 2023 order of the Northampton County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful consideration of Appellant's claim of ineffective assistance of counsel, we affirm the order dismissing Appellant's PCRA petition.

The relevant factual and procedural history is as follows. As a result of a 1997 Illinois conviction for Aggravated Criminal Sexual Assault with Bodily Harm, Appellant must register as a sex offender while living in the Commonwealth. On Saturday, June 12, 2021, Bushkill Township Police Officer Daniel Marino responded to Appellant's 911 call, in which Appellant inquired whether any warrants existed for his arrest due to his failure to register. The officer met with Appellant at the horse farm where Appellant lived and worked. Appellant stated that he had moved to Pennsylvania three months earlier but

had not completed his required registration. The officer confirmed that no arrest warrants had been issued due to Appellant's failure to register. After speaking with Northampton County Assistant District Attorney ("ADA") Julianne Danchak, the officer informed Appellant "that if he registered within three (3) days, by noon on June 15, 2021, and had no further police contact, he would not be charged." PCRA Ct. Op., 6/22/23, at 2.

At approximately 8:30 the next morning, however, Officer Marino responded to calls from two complainants alleging that Appellant was intoxicated and threatening others at the farm. Upon arrival, the officer observed that Appellant was "acting out and visibly intoxicated[.]" N.T. PCRA Hr'g, 12/27/22, at 17. After calling ADA Danchak, the officer arrested Appellant for failure to register under SORNA but did not charge him with any crimes related to his alleged intoxication or threats. The officer later testified that he did not feel it was "necessary to load the charges when he was already being charged with a felony." *Id.* at 28.

On November 10, 2021, the Commonwealth filed a criminal information charging Appellant with two counts of Failure to Comply with Registration Requirements graded as second-degree felonies, specifically failure to register with the Pennsylvania State Police and failure to verify his address or be photographed.[1] On December 2, 2021, the Commonwealth withdrew the first count, and Appellant pled guilty to the second count. The court then

_____

[1] 18 Pa.C.S. §§ 4915.2(a)(1), (2).

sentenced Appellant to 30 to 60 months of incarceration in accordance with the negotiated plea agreement.

On December 3, 2021, Appellant filed *pro se* a notice of appeal, which this Court docketed at 89 EDA 2022 and ultimately dismissed for failure to file a brief.

On April 29, 2022, Appellant filed *pro se* a PCRA petition. The court appointed Matthew Deschler, Esq., as PCRA counsel. On November 4, 2022, PCRA counsel filed an amended PCRA petition asserting several issues including ineffectiveness of counsel for failure to enforce the non-prosecution agreement and advising him to plead guilty. As relief, Appellant sought the vacatur of his guilty plea and sentence.

On December 27, 2022, the PCRA court held a hearing, at which Officer Marino, Appellant's prior counsel, and Appellant testified. Officer Marino testified to the facts set forth above, specifically explaining that he informed Appellant that the three-day grace period was conditioned on the police not having "any issues with him" during those three days. N.T. PCRA Hr'g at 23. The Northampton County Chief Public Defender, Attorney Nuria Diluzio, who negotiated the plea agreement, testified that she and Appellant discussed the registration grace period prior to the guilty plea, including that the grace period was conditioned on lack of further police interactions. *Id.* at 48-49. She stated that Appellant requested that she negotiate a deal because "he didn't want to sit here in Northampton County Prison, [but] rather he'd like to be in state prison[.]" *Id.* at 49-50. Assistant Public Defender Rory Driscole,

Appellant's counsel at the plea and sentencing hearing, also testified that Appellant wished to complete the plea deal and did not mention the non-prosecution agreement. *Id.* at 76-79

During his testimony, Appellant initially claimed that the officer did not inform him that the three-day grace period only applied if Appellant avoided further police contact. *Id.* at 92, 103-04. Subsequently, however, he acknowledged the conditional aspect of the non-prosecution agreement, asserting that the officer told him that "[i]f I have to come back, you're going to jail." *Id.* at 111. Appellant additionally explained that he regularly drank 24-30 beers a day and had consumed "probably a 12-pack" by time he discussed his registration with the officer at 12:30 p.m. on July 12, 2021. *Id.* at 105-06.

On June 22, 2023, the court denied Appellant's PCRA petition, crediting the officer's and counsel's testimony over Appellant's testimony. PCRA Ct. Op. at 14-15. On July 10, 2023, Appellant filed a notice of appeal, after which Appellant and the PCRA court complied with Pa.R.A.P. 1925. Additionally, Appellant sent several uncounseled applications for relief to this Court, which the Court forwarded to his counsel pursuant to **Commonwealth v. Jette,** 23 A.3d 1032, 1041-44 (Pa. 2011) (noting the well-established policy against hybrid representation and reiterating "that the proper response to any *pro se* pleading is to refer the pleading to counsel"). Order, 5/2/24.

Appellant raises the following issue on appeal:

> Did the Common Pleas Court abuse its discretion and/or commit an error of law in finding that prior counsel was not ineffective for failing to enforce the Commonwealth's agreement with Appellant not to charge him with failing to register offenses and for advising him to plead guilty?

Appellant's Br. at 4.

We review an order denying a PCRA petition "to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Williams**, 196 A.3d 1021, 1027 (Pa. 2018) (citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). While we defer to the PCRA court's factual findings and credibility determinations when supported by the record, we review the court's legal conclusions *de novo*. **Williams**, 196 A.3d at 1027.

"To be eligible for PCRA relief, a petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2)[,]" which include "ineffectiveness of counsel which 'so undermines the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" **Commonwealth v. Montalvo**, 205 A.3d 274, 285 (Pa. 2019) (citation omitted).

To establish a claim of ineffectiveness of counsel, a PCRA petitioner must establish each of the following elements: "[1] that the issue underlying the claim of ineffectiveness has arguable merit, [2] that defense counsel's act or

omission was not reasonably designed to advance the interests of the defendant, and [3] that the defendant was prejudiced[,]" which requires the defendant to show that "but for counsel's errors, the outcome of the proceeding would have been different." *Commonwealth v. Bradley*, 261 A.3d 381, 390 (Pa. 2021). We need not address each prong as "failure to satisfy any prong of the ineffectiveness test is fatal to the claim." *Montalvo*, 205 A.3d at 286.

When a PCRA petitioner claims ineffectiveness of counsel relating to the entry of a guilty plea, the petitioner must demonstrate that "the ineffectiveness caused the [petitioner] to enter an involuntary or unknowing plea." *Commonwealth v. Pier*, 182 A.3d 476, 478 (Pa. Super. 2018) (citation omitted). Moreover, "Pennsylvania law presumes counsel has rendered effective assistance." *Commonwealth v. Mullen*, 267 A.3d 507, 512 (Pa. Super. 2021).

Appellant's claims rest upon his assertion of a non-prosecution agreement. The Supreme Court recently explained that when a defendant relies to his detriment on a prosecutor's "unconditional promise of non-prosecution," then "the principle of fundamental fairness that undergirds due process of law in our criminal justice system demands that the promise be enforced." *Commonwealth v. Cosby*, 252 A.3d 1092, 1131 (Pa. 2021).

\*

Appellant asserts that the PCRA court erred in denying his PCRA petition, arguing that his plea counsel provided ineffective assistance in allowing him

- 6 -

to plead guilty rather than enforcing the Commonwealth's non-prosecution agreement. Appellant's Br. at 12-16. He claims that he relied to his detriment upon the Commonwealth's non-prosecution agreement when he refrained from registering immediately, and that the Commonwealth's violation of that agreement violated due process under *Cosby*. *Id.* at 14-15.

Without substantial explanation, he contends the officer's return to the farm on July 13, 2021, should not "vitiate the bargain struck the day before[,]" because he claims the allegations which prompted the officer's return were unfounded as demonstrated by the Commonwealth's decision not to charge him regarding the threats and inebriation. *Id* at 15.

After careful consideration and with deference to the PCRA court's credibility determinations, we agree with the PCRA court that Appellant's claim lacks arguable merit, as his counsel cannot be found ineffective for failing to enforce an agreement that he violated. The record, including Appellant's own testimony, supports the court's finding that the Commonwealth granted Appellant a "three-day grace period" to register, conditioned on police not having "to return to the scene[.]" PCRA Ct. Op. at 14. Appellant did not satisfy this condition, as his actions prompted the officer to return the next morning. Based upon Appellant's violation of the non-prosecution agreement, there is no merit to his claim that counsel was ineffective in failing to enforce the agreement or in counseling him to plead guilty.

Even assuming that Appellant's ineffectiveness claim had arguable merit, we agree with the PCRA court that his attorneys had a reasonable basis

to counsel Appellant to accept the plea agreement as the 30-month minimum sentence was "significantly shorter" than that provided by the sentencing guidelines, and thus the plea agreement was "objectively reasonable and designed to effectuate [Appellant's] interest." *Id.* at 15-16. As well-stated by the PCRA court, the fact that Appellant "may now regret his decision is not a valid basis for PCRA relief." *Id.* at 16. Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/13/2024