J-A19014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORGE LUIS VEGA CAMACHO | : | |
| | : | |
| Appellant | : | No. 64 MDA 2024 |

Appeal from the PCRA Order Entered December 6, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0005285-2020

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: NOVEMBER 15, 2024**

Jorge Luis Vega Camacho (Camacho) appeals from the order of the Lancaster County Court of Common Pleas dismissing his petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Camacho asserts that he entered an invalid guilty plea because trial counsel failed to advise him of a viable defense to the charges and the court erred in dismissing his PCRA petition without a hearing. After careful review, we affirm.

Camacho pleaded guilty to possession with intent to deliver ("PWID") cocaine, criminal conspiracy, restrictions on alcoholic beverages, and driving under suspension.[1] He was sentenced to five years' probation, the first nine months of which to be served on house arrest. His charges stemmed from a

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 Pa.C.S.A. § 780-113(a)(30), 18 Pa.C.S.A. § 903, 75 Pa.C.S.A. § 3809(a), and 75 Pa.C.S.A. § 1543(a), respectively.

traffic stop that occurred on November 14, 2020. Camacho was driving his vehicle with Jose Zamunio-Zavala in the passenger seat.[2] Camacho was pulled over after his registration was run and it was discovered that Camacho's operating license was suspended. During the stop, eleven grams of cocaine were found in the center console of the vehicle. Open containers of alcohol were also found in the vehicle.

On July 22, 2021, defense counsel filed an Omnibus Pre-Trial Motion which contained a motion to suppress. The trial court scheduled a hearing on the matter. However, Camacho failed to appear and a bench warrant was issued for his arrest. Eventually, Camacho was apprehended. On July 18, 2022, the trial court held a hearing where Camacho entered his guilty plea.[3] Camacho did not file a motion to withdraw the plea or a direct appeal.

Camacho filed a timely *pro se* PCRA petition. Shortly thereafter, he filed an amended PCRA petition with the assistance of appointed counsel. The Commonwealth filed a response. On November 6, 2023, the PCRA court issued its notice of intent to dismiss without a hearing with an accompanying opinion. *See* Pa.R.Crim.P. 907(1). The PCRA court issued its order denying Camacho's amended PCRA petition on December 6, 2023. Camacho filed a timely notice

---

[2] Zavala was charged as a co-conspirator.

[3] Camacho appeared via video and spoke through an interpreter.

of appeal and complied with the court's order to file a Rule 1925(b) statement.[4] ***See*** Pa.R.A.P. 1925(b).

Camacho raises a single issue for our review.

> Did the PCRA court err by denying an evidentiary hearing where [Camacho] claimed he entered an invalid plea because, prior to the plea, plea counsel failed to advise [him] there existed a viable defense to the charges?

Appellant's Brief, at 4 (unnecessary capitalization omitted).

"In reviewing a denial of PCRA relief, we look to whether the lower court's factual determinations are supported by the record and are free of legal error. With respect to the PCRA court's legal conclusions, we apply a *de novo* standard of review." ***Commonwealth v. Lopez***, 249 A.3d 993, 998 (Pa. 2021) (citation omitted). A PCRA petitioner does not have an absolute right to an evidentiary hearing. ***See Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008). Accordingly, "the PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied 'that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings.'" ***Commonwealth v. Sneed***, 45 A.3d 1096, 1105-06 (Pa. 2012) (quoting Pa.R.Crim.P. 909(B)(2)).

Camacho's claim challenges the adequacy of his plea counsel's performance. A criminal defendant is entitled to the effective assistance of

---

[4] The PCRA court filed a one-page Rule 1925(a) opinion that stated it was relying upon the reasons stated in its November 6, 2023, opinion.

counsel throughout the plea process. *See Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017). "We presume counsel is effective, and an appellant bears the burden to prove otherwise." *Commonwealth v. Gibson*, 318 A.3d 927, 934 (Pa. Super. 2024) (citation omitted). The test for ineffective assistance of counsel is the same under both the United States and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Kimball*, 724 A.2d 326, 330-32 (Pa. 1999). Camacho must establish that (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Solano*, 129 A.3d 1156, 1162-63 (Pa. 2015). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." *Commonwealth v. Fears*, 86 A.3d 795, 806-07 (Pa. 2014) (citation omitted). Also, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018) (citation omitted).

Camacho argues that the PCRA court erred by denying his petition without a hearing on his claim that plea counsel was ineffective for failing to

explain to him that he had a viable defense. *See* Appellant's Brief, at 10, 12.

Specifically, Camacho argues that he should have been informed that since

the cocaine was found in the middle console of his vehicle, his defense counsel

could have raised the defense that Zavala possessed the cocaine and the

Commonwealth had insufficient evidence to establish his own constructive

possession. *See id.* at 12-13. Further, Camacho asserts that he suffered

prejudice because had he been informed of this, he would not have entered

the guilty plea. *See id.* at 13.

In response, the Commonwealth argues that the guilty plea colloquy

ensured that Camacho entered a knowing, intelligent, and voluntary plea. *See*

Commonwealth's Brief, at 12-13. Further, the Commonwealth argues that

Camacho failed to offer any evidence to create a material issue of fact to

warrant an evidentiary hearing.[5] *See id.* at 16-17.

The PCRA court addressed Camacho's claim as follows.

> In his final issue, [Camacho] claims plea counsel was
> ineffective for failing to advise him of a viable defense, specifically,
> he "could have defended the criminal charges by claiming that the
> evidence did not refute an equally reasonable possibility that the
> drugs were possess[ed] by [co-conspirator] Zavala and that
> petitioner had no knowledge of the drugs and had no agreement

---

[5] We note that the Commonwealth also argues that Camacho's appeal should be dismissed for failure to attach the PCRA court's opinion to his brief. *See* Commonwealth's Brief, at 8-11. Specifically, the Commonwealth asserts that Camacho failed to attach the PCRA court's opinion to his brief and failed to specify how the PCRA court's reasoning was erroneous. *See id.* at 10-11. We find no fault in the Commonwealth for raising these issues, however, our appellate review of the matter has not been hindered, so we will address the merits of the issue.

with Zavala to distribute the drugs." Petition. [Camacho] is incorrect. As evident from the Omnibus Pre-Trial Motion prepared and filed on [Camacho]'s behalf, counsel was more than prepared to litigate [Camacho]'s case, including the use of any viable defenses. Moreover, this defense is in direct contradiction to the facts [Camacho] agreed to during [h]is knowing and voluntary guilty plea. [Camacho] has failed to demonstrate that counsel's acts and/or omissions concerning any viable defenses available to [Camacho] was unreasonable and has thus failed to establish counsel's ineffectiveness.

PCRA Court Opinion, 11/6/23, at 10-11. Further, in its December 6, 2023 order the trial court explained that it was denying Camacho's amended PCRA petition without a hearing because he "has not offered any explanation or evidence to show that his plea was not made voluntarily, knowingly, or intelligently, or that counsel was ineffective." Order, 12/6/23.

We agree. Our review of the record indicates that the PCRA court's factual findings are supported by the record and there is no error in its legal conclusion. ***See Lopez***, 249 A.3d at 998. Camacho failed to establish a material issue of fact to warrant an evidentiary hearing. Further, at the guilty plea hearing, Camacho admitted that he possessed 11 grams of cocaine with the intent to deliver and that he conspired to do so with Zavala. ***See*** N.T., 7/18/22, at 5-6. Camacho is bound by his sworn statements. ***See Pier***, 182 A.3d at 480. We therefore affirm the order dismissing Comacho's amended PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/15/2024