J-S17040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                    :          PENNSYLVANIA
                                      :

               v.                                   :
                                      :
                                      :

MICHAEL FRANCIS BAEHR           : 
                                      :

           Appellant             :     No. 3245 EDA 2024

Appeal from the Judgment of Sentence Entered July 1, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004449-2022

BEFORE: MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                   **FILED JUNE 20, 2025**

Appellant, Michael Francis Baehr, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his negotiated guilty plea for one count of driving with a suspended license due to a prior conviction for driving under the influence ("DUI").[1] We affirm.

The relevant facts and procedural history of this matter are as follows. On May 28, 2022, Appellant drove in Upper Providence Township with a suspended license. Appellant's license had been suspended due to a prior DUI conviction, and he had previously driven with a suspended license on two prior occasions.

On July 1, 2024, Appellant entered a negotiated guilty plea to one count of driving with a suspended license. Appellant completed a written guilty plea

_____

[1] 75 Pa.C.S.A. § 1543(b).

colloquy, and the court conducted an oral colloquy. Pursuant to his plea agreement, the court sentenced Appellant to the negotiated term of 12 months' restrictive probation, with the first 6 months to be served on house arrest. On July 9, 2024, Appellant timely filed a post-sentence motion seeking to withdraw his guilty plea or modify his sentence. On October 30, 2024, the court denied Appellant's post-sentence motion.

On November 26, 2024, Appellant timely filed a notice of appeal. On December 2, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On December 22, 2024, Appellant timely complied.

On appeal, Appellant raises the following issues for our review:

> Did the trial court abuse its discretion in denying Appellant's motion to withdraw his guilty plea?

> Did the trial court err in sentencing Appellant without following the sentencing norms.

(Appellant's Brief at 5).

In Appellant's first issue, he contends that his guilty plea was not knowingly, voluntarily, or intelligently entered. Appellant concedes that "the required terms for the guilty plea were met in both the written and oral colloquy," but nevertheless asserts that his plea was involuntary. (*Id.* at 14-15). According to Appellant, he believed that he was being brought before the court to have his bench warrant vacated, and that he did not expect to enter into a plea agreement. Appellant concludes that the court erred by denying his motion to withdraw his guilty plea, and that this Court must grant

- 2 -

relief. We disagree.

Our review of the denial of a post-sentence motion to withdraw a guilty plea implicates the following principles:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny [than pre-sentence motions to withdraw a plea] since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily.

*Commonwealth v. Kehr*, 180 A.3d 754, 756-57 (Pa.Super. 2018) (citation omitted).

"In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea." *Commonwealth v. Hart*, 174 A.3d 660, 664-65 (Pa.Super. 2017). "A valid plea colloquy must delve into [the following] areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa.Super. 2015) (quoting *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa.Super. 2005)). "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa.Super. 2008), *appeal denied*, 600 Pa. 742, 964 A.2d 893 (2009). *See*

*also* Pa.R.Crim.P. 590, *Comment.*

"A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pier***, 182 A.3d 476, 480 (Pa.Super. 2018) (quoting ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003)). "[T]he law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently." ***Commonwealth v. Jabbie***, 200 A.3d 500, 506 (Pa.Super. 2018).

Instantly, Appellant executed the written guilty plea colloquy on July 1, 2024. In it, Appellant acknowledged that he had reviewed the pending charges and was satisfied with his attorney's advice and representation. (***See*** Written Plea Colloquy, 7/1/24, at 2, 5-7). Appellant confirmed his understanding of the presumption of innocence and his right to a bench or jury trial. (***Id.*** at 3). Appellant also confirmed his understanding of the maximum sentence and fine he could receive for his crime. (***Id.*** at 3-4). Regarding the facts at issue, Appellant indicated that he would allow the Commonwealth to summarize the facts to which he would plead guilty. (***Id.*** at 6).

That same day, the court conducted the oral guilty plea colloquy. During the oral colloquy, Appellant reiterated that he had reviewed the written colloquy with counsel. (***See*** N.T. Guilty Plea Hearing, 7/1/24, at 5-6).

- 4 -

Appellant stated that he understood he was giving up his right to go to trial by pleading guilty, and that he was entitled to probation violation hearings, and if he was found in violation, he could be re-sentenced up to his maximum exposure on the underlying charge. (*Id.* at 6, 8). The court informed Appellant of the maximum sentencing exposure and fines for the current offense. (*Id.* at 6). The Commonwealth then provided the factual basis for the plea, and Appellant admitted that the Commonwealth's facts were accurate. (*Id.* at 9-10). At the conclusion of the oral colloquy, Appellant affirmed that he wanted to plead guilty. (*Id.* at 9). The court then accepted Appellant's plea as knowing, intelligent, and voluntary. (*Id.* at 12).

Appellant is bound by the statements made in the written and oral colloquies, which indicate Appellant's intent to plead guilty. *See Pier, supra*. Under the totality of these circumstances, Appellant's plea was valid. *See Hart, supra*. Therefore, Appellant failed to demonstrate a manifest injustice, and he is not entitled to relief on his first issue. *See Kehr, supra*.

In Appellant's second issue, he contends that the trial court failed to follow "sentencing norms" when imposing his sentence. Appellant asserts that he hoped for a sentence of "time-served" so that he could more easily relocate to Florida instead of being placed on house arrest. Appellant argues that he was rushed into pleading guilty and did not have sufficient time to think about his sentence. Appellant concludes that this Court must vacate and remand for resentencing. We disagree.

It is well-settled that discretionary sentencing challenges to negotiated

sentences are not reviewable on appeal. ***See Reid, supra*** at 784. ***See also Commonwealth v. O'Malley***, 957 A.2d 1265, 1267 (Pa.Super. 2008) (stating: "One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence").

Here, Appellant entered into a negotiated guilty plea and the court imposed the agreed-upon sentence. (***See*** N.T. Guilty Plea Hearing at 12-13). Following the imposition of his sentence, both the Commonwealth and Appellant's counsel indicated that they did not have corrections to make to the agreed-upon sentence as approved by the court and read into the record. (***See id.*** at 13). Thus, Appellant cannot now challenge the discretionary aspects of his sentence. ***Reid, supra***; ***O'Malley, supra***. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/20/2025