J-A22029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD EUGENE GROSSO | : | |
| | : | |
| Appellant | : | No. 69 WDA 2022 |

Appeal from the PCRA Order Entered April 5, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001568-2019

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: OCTOBER 13, 2022**

Appellant, Richard Eugene Grosso, appeals from the order denying relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46, entered by the Court of Common Pleas of Erie County (PCRA Court) on April 5, 2022.[1] Appellant challenges the validity of his guilty plea and raises related claims of prosecutorial misconduct and ineffective assistance of counsel.  He additionally asserts that his counsel was ineffective for failing to preserve a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purported to appeal from the PCRA Court's December 20, 2021 Opinion.  However, the appeal lies properly from the order denying relief filed on April 5, 2022.  While technically premature, we deem his notice of appeal timely filed and have changed the caption accordingly. ***See Commonwealth v. McGarry***, 172 A.3d 60, 63 n.1 (Pa. Super. 2017) (deeming appeal proper despite premature notice of appeal where the PCRA court subsequently entered a final order dismissing the PCRA petition); Pa.R.A.P. 905(a)(5).

sentencing claim. Upon review, we affirm the PCRA court's order denying relief.

On March 15, 2019, Appellant attempted to escape from SCI-Albion by scaling fences and moving between prison yards before guards apprehended him in an unauthorized area of the prison.[2] On April 8, 2019, the Commonwealth filed a Criminal Complaint charging him with Criminal Attempt - Escape.[3] Public defender Alan Natalie, Esq., entered his appearance on behalf of Appellant prior to the June 4, 2019 preliminary hearing. On July 24, 2019, the Commonwealth filed a Criminal Information charging Appellant with Escape, but not Attempted Escape, stating that Appellant "did attempt to escape from Albion State Correctional Institute . . . ; thereby [Appellant] did commit the crime of Escape[.]"[4] The complaint and the information additionally charged Appellant with Disorderly Conduct[5] because his conduct forced the prison "to go into lock down causing disruption to the normal routine of the facility."[6]

---

[2] Appellant claimed that he changed his mind about escaping prior to his apprehension. Appellant's Br. at 4.

[3] 18 Pa.C.S. §§ 901(a), 5121(a).

[4] Criminal Information, 7/24/19. The Commonwealth acknowledged that the change in the crimes charged resulted from a "clerical error." Com. Resp. to Suppl. PCRA Pet., 12/17/20, at 3.

[5] 18 Pa.C.S. § 5503(a)(4).

[6] Criminal Information.

On February 28, 2020, counsel filed a motion to withdraw, citing a breakdown in the attorney-client relationship based upon Appellant's numerous *pro se* filings, which included allegations of counsel ineffectiveness. The trial court granted counsel's request to withdraw on March 2, 2020, and Appellant waived his right to counsel on March 5, 2020.

On March 11, 2020, the court held a plea hearing at which the Assistant District Attorney (ADA) reviewed Appellant's waiver of his right to counsel and clarified, among other things, that "if any errors or rule violations occur and you don't object to them at the right time, you'll lose your right to object permanently."[7] Appellant reiterated that he voluntarily waived his right to counsel. The ADA then described the charges as set forth in the Criminal Information, stating that as a result of his "attempt to escape," he committed "the crime of [E]scape."[8]

During the plea colloquy, the trial court asked Appellant if he understood the charges. When Appellant indicated that he was being charged with Attempted Escape, the court corrected him explaining that Escape "is the official term[.]"[9] At the conclusion of the colloquy, the court accepted

---

[7] N.T. Plea Hr'g, 3/11/20, at 8.

[8] *Id.* at 9-10.

[9] *Id.* at 12.

Appellant's plea to Escape and Disorderly Conduct, finding it "knowing and voluntary."[10]

Subsequently, the trial court reappointed Attorney Natalie upon Appellant's request for sentencing counsel. The court sentenced Appellant to 27 to 54 months of incarceration for Escape and one year of probation on the Disorderly Conduct charge, to be served consecutively. The court stated that the sentence imposed for Escape was "at the lowest end of the standard range."[11]

Attorney Natalie filed a notice of appeal in this Court on behalf of Appellant and a "Statement of Intent to File an **Anders/McClendon** Brief, pursuant to Pa.R.[A.]P. 1925(c)(4), in Lieu of a Statement of Matters Complained of on Appeal" (**Anders**[12] Statement). Counsel indicated that Appellant maintained that he should have been prosecuted for Attempted Escape rather than Escape because he "did not achieve full removal" from the prison.[13] Counsel additionally acknowledged that Appellant sought to

---

[10] **Id.** at 13-14.

[11] N.T. Sentencing, 6/18/20, at 15.

[12] An **Anders** Brief "accompanies court-appointed appellate counsel's petition to withdraw" and, *inter alia*, must "state counsel's reasons for concluding that the appeal is frivolous." **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009) (referencing **Anders v. California**, 386 U.S. 738 (1967)).

[13] **Anders** Statement, 7/8/20, at 2.

challenge the consecutive aspect of his probationary sentence for Disorderly Conduct.

In its Pa.R.A.P. 1925(a) Opinion, the trial court opined that Appellant's allegations of error related to his guilty plea were "belied by the record," given that Appellant entered his plea "knowingly, voluntarily, and intelligently."[14] The trial court additionally rejected Appellant's challenge to the consecutive nature of his Disorderly Conduct sentence, which the court deemed to be within the discretion of the court. Thereafter, Appellant filed a document *pro se* seeking to discontinue his appeal, and this Court issued an order to that effect on October 7, 2020.

Within weeks, Appellant filed a *pro se* PCRA petition on October 19, 2020. Following his appointment as PCRA counsel, Attorney William Hathaway, Esq., filed a supplemental PCRA petition setting forth Appellant's challenge to the "integrity of the plea proceeding" due to the confusion regarding the charges.[15] The Supplemental PCRA Petition additionally alleged that the ADA committed prosecutorial misconduct in allowing the charge of Escape to proceed when the facts supported only Attempted Escape and that Attorney Natalie provided ineffective assistance of counsel by failing to file a

---

[14] Trial Ct. Op., 9/1/20, at 4 (unpaginated).

[15] Suppl. Pet. for PCRA Relief, 11/19/20, at 1 (unpaginated).

petition to withdraw Appellant's plea prior to sentencing.[16]  It also asserted a claim of ineffective assistance of counsel based upon counsel's alleged failure to challenge the discretionary aspects of Appellant's sentence for Disorderly Conduct.

In response to Appellant's supplemental petition, the Commonwealth conceded the arguable merit of Appellant's ineffectiveness claim related to his plea given Appellant's "facially valid concern for confusion and misunderstanding," regarding the "precise crime to which he entered a guilty plea."[17]  The Commonwealth emphasized, however, that Appellant could not demonstrate ineffective assistance of counsel because Appellant represented himself at the plea hearing.  The Commonwealth further noted that Attorney Natalie was "not ineffective in failing to go against [Appellant's] own willful acts or failing to override [Appellant's] own missteps at his guilty plea," and rejected claims of prejudice resulting from the plea given that Attempted Escape and Escape are both felonies of the third degree that resulted in the

---

[16] The Supplemental Petition for PCRA Relief vaguely faulted counsel for "unduly relinquish[ing] the opportunity to challenge the factual and legal sufficiency of [the escape] charge."  Suppl. Pet. for PCRA Relief, at 2.  His post-argument brief in support elaborated that Attorney Natalie should have petitioned to withdraw the plea, prior to sentencing, based on the absence of supporting facts.  Suppl. Br. in Support of Pet. for PCRA Relief, 10/5/21, at 5.

[17] Com. Resp. to Suppl. PCRA Pet., at 8.

same offense gravity score for sentencing purposes.[18]  It additionally countered Appellant's challenge to his sentence for Disorderly Conduct by asserting that the sentence was within the discretion of the trial court.

Following an evidentiary hearing, the PCRA Court issued an opinion in support of denying PCRA relief on December 20, 2021, and Appellant filed a notice of appeal on January 9, 2022.[19]  The record does not indicate that the PCRA Court requested Appellant to file a Pa.R.A.P. 1925(b) Statement.  On January 14, 2022, the PCRA Court entered an order indicating that it would not file an additional opinion, relying instead on its prior orders and opinions.

Appellant raises the following issues on appeal:

A. Whether the appellant's entry of a guilty plea to escape was invalid in that the charging documents and all relevant notice afforded to the appellant referenced that he was charged with attempted escape?

B. Whether the guilty plea was rendered void due to the combined prosecutorial misconduct and ineffective assistance of counsel in permitting the appellant to enter a guilty plea to a criminal offense that he was not charged with and then failing to seek to withdraw that ill-gotten plea after reassuming legal representation?

C. Whether the appellant was afforded ineffective assistance of counsel in that the conduct of the appellant factually and legally supported an attempted escape or arguably a mere administrative violation of the institution given that he was detained within the

---

[18] *Id.* at 9 (citing 204 Pa. Code § 303.3(c)(2) ("Convictions for attempt, solicitation, or conspiracy to commit any offense which is not a Felony 1 offense, receive the Offense Gravity Score of the offense attempted, solicited, or which was the object of the conspiracy.")).

[19] As noted *supra*, the PCRA Court filed an order on April 5, 2022, denying PCRA relief for the reasons set forth in its December 20, 2021 Opinion.

confines of the institution in an unauthorized area without any substantial step undertaken toward escaping?

D. Whether the appellant was afforded ineffective assistance of counsel in that defense counsel failed to preserve and present a sentencing claim on his behalf that the conviction for disorderly conduct should have merged for purposes of sentencing?

Appellant's Br. at 2.

## A.

When reviewing a decision denying PCRA relief, we are limited to determining "whether the PCRA court's findings of fact are supported by the record" and "whether its conclusions of law are free from legal error." *Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa. Super. 2020) (citation omitted). While the PCRA court's credibility determinations are binding when supported by the record, we review the court's legal conclusions utilizing a *de novo* standard of review. *Id.*

A petitioner may obtain PCRA relief by pleading and proving by a preponderance of evidence "[t]hat the conviction or sentence resulted from . . . [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed effective, and a petitioner has the burden to overcome that presumption by establishing that "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "To demonstrate

prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 312 (citation and internal quotation marks omitted). Notably, a defendant who waives his right to counsel and proceeds *pro se* "cannot later seek to revive defaulted trial claims by alleging his own ineffectiveness[.]" *Commonwealth v. Blakeney*, 108 A.3d 739, 749 (Pa. 2014).

When a defendant pleads guilty, it is well-settled that that decision results in the waiver of all defenses other than those challenging the jurisdiction of the court, the legality of the sentence, or the validity of the plea. *See Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007). In attempting to challenge a guilty plea, a defendant is "bound by the statements" he made under oath during the plea colloquy and "may not later assert grounds for withdrawing the plea which contradict [those] statements[.]" *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018) (citation omitted).

Under the PCRA, a petitioner may obtain relief by proving that his guilty plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). When claiming ineffectiveness of counsel "in connection with the entry of a guilty plea[,]" a defendant has the burden of demonstrating that the alleged ineffectiveness "caused the

defendant to enter an involuntary or unknowing plea." *Pier*, 182 A.3d at 478 (citation omitted).

Importantly, the PCRA does not countenance claims that have "been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). An issue is deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *Id.* at § 9544(b). Thus, claims of prosecutorial misconduct that could have been raised on direct appeal will be deemed waived for purposes of the PCRA. *See Commonwealth v. Wholaver*, 177 A.3d 136, 174 (Pa. 2018).

Moreover, we will deem a preserved issue waived if the Appellant's brief does not provide citation to relevant legal authority or meaningful discussion of the issue such that it impedes "our ability to conduct meaningful appellate review[.]" *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012); *see* Pa.R.A.P. 2101 (instructing that an appeal "may be quashed or dismissed" for failure to conform to the rules); Pa.R.A.P. 2119(a) (requiring that each point in an argument be "followed by such discussion and citation of authorities as are deemed pertinent").

**B.**

Appellant lists three questions for our review relating to his plea but addresses them in a single argument section raising two primary issues: (1) prosecutorial misconduct for charging him with Escape when the underlying circumstances supported only an Attempted Escape charge; and (2)

sentencing counsel ineffectiveness for counsel's failure to seek to withdraw Appellant's guilty plea before sentencing. First, Appellant alleges prosecutorial misconduct, asserting that the ADA's decision to charge him with Escape involved "an abuse of discretion and authority and constituted overcharging given the underlying circumstances of an interrupted effort at escape." Appellant's Br. at 6. He also faults the Commonwealth for misleading him into believing that he was pleading to Attempted Escape rather than Escape.

Second and relatedly, Appellant contends that his counsel, upon reappointment, should have filed to withdraw his plea prior to sentencing upon recognizing that the facts of the case did not support the charge of Escape. Notably, in asserting his ineffectiveness claim, Appellant neither cites nor addresses the requisite three elements of ineffective assistance of counsel. *See Spotz*, 84 A.3d at 311. Nevertheless, Appellant asks the Court to "strike the entry of the guilty plea and grant leave to withdraw the ill-gotten guilty plea to [E]scape or to outright issue an arrest of judgment as to that criminal count." Appellant's Br. at 8.

In its December 20, 2021 Opinion, the PCRA Court emphasized that Appellant waived his challenge to the validity of the plea when he withdrew his direct appeal despite counsel's attempt to preserve the issue in the *Anders* Statement.[20] PCRA Ct. Op., 12/20/21, at 8. The PCRA court further reasoned

---

[20] The PCRA court additionally deemed Appellant's challenge to the plea meritless, opining that his plea was knowingly, voluntarily, and intelligently made. PCRA Ct. Op. at 8-9.

- 11 -

that Appellant cannot claim counsel ineffectiveness relating to the plea when he waived his right to counsel for the plea proceeding. *Id.* at 10. Similarly, the court rejected Appellant's prosecutorial misconduct claim, deeming Appellant bound by his statements at the plea hearing expressing his understanding of the charges and his plea. *Id.* at 10-11. Finally, the court dismissed Appellant's allegation that appellate counsel was ineffective for failing to raise claims related to the plea by emphasizing that counsel challenged the plea in the ***Anders*** Statement. *Id.* at 10. The court, however, did not specifically address Appellant's claim that counsel should have sought to withdraw Appellant's guilty plea when he was reinstated as counsel prior to sentencing.

After careful review, we affirm the PCRA court's denial of PCRA relief in regard to Appellant's issues related to his guilty plea. We conclude that Appellant waived his challenge to the validity of his plea, as well as claims of prosecutorial misconduct, because these issues could have been raised on direct appeal. 42 Pa.C.S. § 9544(b). Indeed, counsel attempted to preserve a challenge to his plea based upon the distinction between Escape and Attempted Escape in the ***Anders*** Statement, which was rendered moot by Appellant's withdrawal of his direct appeal.

We additionally deem waived Appellant's claims of counsel ineffectiveness for failure to seek withdrawal of the plea because he neither cites nor provides meaningful analysis of the necessary elements of counsel ineffectiveness claims: arguable merit, lack of a reasonable basis, and

prejudice. **Spotz**, 84 A.3d at 311.[21] Accordingly, as Appellant failed to plead and prove counsel's ineffectiveness by a preponderance of the evidence, we affirm the PCRA court's denial of PCRA relief on these claims. **See** 42 Pa.C.S. § 9543(a)(2)(ii).

## C.

Finally, in a single paragraph, Appellant contends in his fourth issue that his trial counsel was ineffective for failing to preserve his claim that his convictions for Disorderly Conduct and Escape should have merged for purposes of sentencing, alleging that Disorderly Conduct is a lesser included offense of Escape. Appellant's Br. at 11-12. Appellant does not provide any analysis as to why the charges should merge.

In its December 20, 2021 Opinion, the PCRA Court dismissed as waived Appellant's claim that his trial counsel was ineffective for failing to challenge his sentence for Disorderly Conduct. The court interpreted Appellant's claim as a challenge to the discretionary aspects of his sentence. As with the plea

_____

[21] Moreover, we agree with the PCRA court's conclusion that any claims of ineffective assistance of counsel relating to Appellant's entry of his plea are meritless, given that Appellant waived his right to counsel and represented himself at the plea hearing.

In regard to his plea withdrawal claim, even if Appellant could prove that (1) his ineffectiveness claim has arguable merit because the trial court might have granted withdrawal given the confusion in the crimes charged and (2) counsel did not have a reasonable basis for not seeking withdrawal, Appellant fails to refute the Commonwealth's argument that the substitution of Escape for Attempted Escape did not prejudice him given that he would have been subject to the same offense gravity score for sentencing purposes, pursuant to 204 Pa. Code § 303.3. **See** Com. Resp. to Suppl. PCRA Pet., at 9.

claims, the court observed that Appellant's counsel had preserved this claim in his **Anders** Statement, which Appellant undermined when he withdrew his direct appeal.

We agree with the PCRA Court that Appellant waived his challenge to his Disorderly Conduct sentence when he withdrew his direct appeal.[22] Accordingly, we affirm the PCRA Court's denial of relief on this issue. **See** 42 Pa.C.S. § 9543(a)(3) (providing that PCRA relief is only available on issues that have "not been previously litigated or waived").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2022

---

[22] Moreover, to the extent Appellant's claim sounds in merger, his claim fails on the merits because the statutory elements of Disorderly Conduct, 18 Pa.C.S. § 5503(a)(4), are not "included in the statutory elements" of Escape, *id.* § 5121(a), for purposes of merger. 42 Pa.C.S. § 9765.