J-S08007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOMMY LEE MILLER | : | |
| | : | |
| Appellant | : | No. 2715 EDA 2024 |

Appeal from the PCRA Order Entered September 6, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000845-2023

BEFORE:   DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 2, 2025**

Appellant, Tommy Lee Miller, appeals from the September 6, 2024 order entered in the Monroe County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless.  Appellant challenges the trial court's determination that his plea counsel was not ineffective.  After careful review, we are constrained to reverse the PCRA court's order because Appellant entered into a plea agreement based on inaccurate information that plea counsel failed to correct.

The relevant facts and procedural history are as follows.  On April 26, 2023, Appellant appeared before the trial court for sentencing in an unrelated case in which he had pleaded guilty to Theft, and, at the same time, to enter an open guilty plea in the instant matter to Aggravated Harassment by a

_____

[*] Retired Senior Judge assigned to the Superior Court.

Prisoner.[1, 2]  Prior to entering his guilty plea, Appellant completed a written guilty plea and colloquy form.

At the commencement of the hearing, the trial court conducted a thorough on-the-record guilty plea colloquy and accepted Appellant's plea to Aggravated Harassment.  When Appellant finished entering his guilty plea, Appellant's counsel, in her sentencing argument, requested that the court, rather than sentencing Appellant to a term of incarceration, sentence Appellant to the State Drug Treatment Program ("SDTP").  Pleas counsel asserted the Commonwealth had agreed to waive any factors, including the Aggravated Harassment conviction, that would disqualify him from SDTP.  The Commonwealth denied this, and asserted that it had only agreed to waive Appellant's ineligibility for SDTP with respect to the Theft conviction and not for the Aggravated Harassment conviction.

Ultimately, the trial court rejected a sentence of SDTP and sentenced Appellant to a term of 24 to 84 months of incarceration for his Aggravated Harassment conviction.  With respect to Appellant's request for SDTP, the trial court explained as follows:

> I am going to make a recommendation that you be considered for [SDTP].  I don't know if the Commonwealth is in a position to join that recommendation.  I'll make it – it'll be up to the State to decide whether or not you'll be eligible for that program.  But

---

[1] 18 Pa.C.S. § 2703.1.

[2] The Commonwealth based this charge on Appellant's throwing a cup of urine on a corrections officer while in custody in the Monroe County Correctional Facility.

without their consent, it may be more difficult for you to be considered. This Assault on Prisoner [*sic*] [c]harge may be a disqualifier right out of the box as far as [the] State is concerned. I have no control over that[.]

N.T. Plea/Sentencing Hr'g, 4/26/23, at 12.

Following the hearing, the court issued a written order reflecting imposition of the sentence of incarceration, but recommending that Appellant be considered for SDTP. The court noted, however, that "[t]he Commonwealth does not agree to waive any disqualifiers for said program." Order, 4/26/23, at 1. Appellant did not file a post-sentence motion or a direct appeal from his judgment of sentence.

On February 8, 2024, Appellant *pro se* filed a timely first PCRA petition claiming that his plea counsel had been ineffective, resulting in an unlawfully induced guilty plea. In particular, he asserted that he pleaded guilty to the Aggravated Harassment charge because his counsel erroneously advised him that even if he pled guilty to this charge, he would still be eligible for SDTP, and the court would not impose a sentence of incarceration. PCRA Petition, 2/8/24, at 4. The PCRA court appointed counsel, who, on April 19, 2024, filed an amended petition reasserting the claims Appellant raised in his *pro se* petition.

On June 25, 2024, the PCRA court held a hearing at which Appellant's plea counsel testified. Plea counsel testified that she was aware that if Appellant pled guilty to the Aggravated Harassment charge, the conviction would make him ineligible for SDTP unless the Commonwealth waived the

disqualifier.[3]  Plea counsel also testified that in her discussions with Appellant before he pled guilty to Aggravated Harassment, she brought up the possibility of SDTP and told him that she thought it was a "very possible outcome in his case[.]"  N.T. PCRA Hr'g, 6/25/24, at 9.  She further testified that she had worked with the Commonwealth to develop a global resolution to all his pending charges and that the Commonwealth "had agreed to waive any disqualifiers from the program."  *Id.*  Plea counsel also testified that she believed the Commonwealth had orally agreed to waive Appellant's ineligibility for SDTP for both the Theft and the Aggravated Harassment convictions.

Plea counsel acknowledged, however, that her advice about the Commonwealth's willingness to waive its opposition to STDP as a result of the Aggravated Harassment conviction was inconsistent with the terms of the written global resolution plea form.  In other words, the global resolution plea form did not require the Commonwealth to waive the Aggravated Harassment conviction so that Appellant would be eligible for SDTP.

Appellant also testified at the PCRA hearing.  He testified that his understanding when pleading guilty to the Aggravated Harassment charge was that the Commonwealth had waived his prior and current history of violence as disqualifying from SDTP.  He testified that he would not have pleaded guilty had he known he would be ineligible for SDTP.  Appellant, however, agreed that he told the court at the time of the plea that he had

_____

[3] Pursuant to 61 Pa.C.S § 4103, a person eligible for SDTP "does not demonstrate a history of present or past violent behavior."

read and understood the terms of his plea agreement, had had ample time to discuss the plea with counsel, had made the decision to plead guilty himself, and did not have any questions about the agreement.

On September 6, 2024, the PCRA court denied Appellant's petition. The PCRA court found that both Appellant and plea counsel had an "apparent shared belief" that the Commonwealth had agreed to waive SDTP disqualifiers for both the Aggravated Harassment Charge and the Theft Charge. PCRA Court Op., 9/6/24, at 6. The PCRA court—who also sat as the plea and sentencing court in this matter—also found that it expressly informed Appellant that he could potentially be deemed ineligible for SDTP. The court further found that Appellant knowingly and intelligently entered into his guilty plea because he: (1) conferred with his attorney regarding the nature of the charges and the plea, and the potential maximum sentences; (2) indicated he was aware of the rights he was waiving by pleading guilty; and (3) signed a guilty plea form of his own volition. The court, therefore, concluded that Appellant's claim that his plea counsel was ineffective lacked merit because Appellant did not demonstrate that his counsel's act or omission adversely affected the outcome of the proceedings or that his underlying claim had arguable merit.

This timely appeal followed. Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) Statement.[4]

Appellant has raised the following issue for our review:

[] Was the [PCRA c]ourt's denial of Appellant's PCRA petition free of legal error and supported by the record?

Appellant's Brief at 5.

Appellant challenges the order denying his PCRA petition and the PCRA court's determination that his guilty plea was valid and his plea counsel was not ineffective. *Id.* at 11-14.

\*\*\*

When reviewing a decision denying PCRA relief, we are limited to determining "whether the PCRA court's findings of fact are supported by the record and whether its conclusions of law are free from legal error." ***Commonwealth v. Johnson***, 236 A.3d 63, 68 (Pa. Super. 2020) (citation omitted). While the PCRA court's credibility determinations are binding when supported by the record, we review the court's legal conclusions utilizing a *de novo* standard of review. ***Id.***

A petitioner may obtain PCRA relief by pleading and proving by a preponderance of evidence "[t]hat the conviction or sentence resulted from . . . [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable

_____

[4] The PCRA court filed a Rule 1925(a) opinion in which it directed this Court to its September 6, 2024 opinion for its reasons for denying Appellant's petition.

- 6 -

adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed effective, and a petitioner has the burden to overcome that presumption by establishing that "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "To succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. The 'reasonable probability' test is not a stringent one." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citations omitted). When claiming ineffectiveness of counsel "in connection with the entry of a guilty plea[,]" a defendant has the burden of demonstrating that the alleged ineffectiveness "caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Pier*, 182 A.3d 476, 478 (Pa. Super. 2018) (citation omitted).

When considering voluntariness and knowingness of a guilty plea, the court must examine the totality of the circumstances. *Commonwealth v. Hart*, 174 A.3d 660, 668 (Pa. Super. 2017) (citations omitted). The central inquiry is whether the petitioner understood the plea and its consequences. *Id.* (citation omitted)

\*\*\*

Appellant contends that his plea counsel was ineffective and caused him to enter into an unlawful guilty plea because counsel misunderstood and

miscommunicated the Commonwealth's position on waiving disqualifiers for participation in the SDTP. Appellant's Brief at 11-12. He asserts that, but for counsel's mistake, he would not have accepted the negotiated plea. *Id.* at 14.

Following our review, we conclude that the record confirms the PCRA court's findings of fact. Nevertheless, we find that the court erred in its legal conclusion that Appellant's plea counsel was not ineffective. With respect to the first part of the ineffective assistance of counsel analysis, the evidence of record shows that Appellant's underlying claim—that counsel was ineffective because she misinformed him of the terms of the plea agreement—has arguable merit.

Plea counsel knew that Appellant's plea to Aggravated Harassment would disqualify him from SDTP, but advised Appellant that if he pled guilty, the Commonwealth would waive this disqualifier so Appellant could participate in SDTP instead of serving a sentence of incarceration. When counsel reviewed the global plea agreement and noticed that the Commonwealth did not agree to waive this disqualifier, however, plea counsel failed to advise Appellant of the impact of the change in the terms of the plea deal. Rather, plea counsel did nothing when Appellant signed the global plea agreement and pled guilty. This failure to inform Appellant that the waiver of the disqualifier was not part of the plea agreement and that, consequently, Appellant would be ineligible for SDTP demonstrates that Appellant's underlying claim has arguable merit.

Second, we find that counsel had no reasonable basis for not advising Appellant before he signed the global plea agreement that the Commonwealth would not waive the disqualifier, thus, rendering him ineligible for SDTP.

Last, we find Appellant suffered prejudice as a result of counsel's failure to advise Appellant that he would not be eligible for SDTP. Appellant has asserted throughout these proceedings that he would not have entered into the plea agreement had counsel accurately informed him of its terms and would have, instead, proceeded to trial. Thus, Appellant has shown that it is reasonably probable that, but for counsel's errors and omissions, he would not have pleaded guilty and would have instead gone to trial.

Accordingly, having found that Appellant has satisfied the three-prong test demonstrating that his plea counsel provided ineffective assistance, we are constrained to conclude that the trial court erred in dismissing Appellant's PCRA petition. We, therefore, reverse the order denying Appellant's PCRA petition and remand for further proceedings.

Order reversed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/2/2025